BOARD OF EDUCATION OF YADKIN COUNTY v. BOARD OF COMMIS-
SIONERS OF YADKIN COUNTY.

(Filed 7 December, 1921.)

1. **Constitutional Law— Statutes— Taxation— Trial by Jury—Schools—
   School Terms.**

   C. S., 5488, prescribing the procedure in the event of disagreement
   between the county board of education and the county board of commis-
   sioners, as to the amount to be provided by the county for the maintenance
   of a six months school term, requiring the judge to hear the same and
   conclusively find the facts as to the amount needed, confers upon the courts
   duties of a judicial nature, not requiring a trial by jury to determine the
   disputed matter upon an issue of fact, and the provisions of this section
   are not void as being repugnant to Art. I, sec. 19, of the State Constitu-
   tion. *Board of Education v. Board of Commissioners,* 174 N. C., 469, cited
   and applied.

2. **Same—Appeal and Error—State Board of Education—Mandamus—
   Counties—Apportionment of Funds.**

   Where a county has levied the full amount of the taxes limited by
   sec. 4, ch. 146, Public Laws of 1921, it is required by the statute that "it
   shall receive from the State public school fund for teachers' salaries an
   apportionment sufficient to bring the school term in every school district to
   six months"; and where it does not appear that the State Board has acted
   accordingly in making this apportionment, but has instituted a proceeding
   to compel by mandamus a county to levy an excess of the statutory limita-
   tion, the imperative necessity that it should be done in order to meet the
   requirements of a six months school provided by Art. IX, sec. 3, of the
   State Constitution does not arise for the determination of the Court.

3. **Appeal and Error—Remanding Case—Constitutional Law—Statutes—
   Schools—Taxation.**

   Where, in proceedings for a mandamus by the county board of educa-
   tion, a county has been ordered to levy a tax for a six months term of
   its public schools, in excess of that limited for the purpose by statute, it
   does not appear whether the plaintiff has apportioned to the county the
   amount it was entitled to receive under the statute; and if so, whether it
   was sufficient for a six months term required by Art. IX, sec. 3, of the
   State Constitution, the case will be remanded for further findings in order
   to properly present the question for the determination of the Supreme
   Court whether mandamus would lie.

APPEAL by defendant from *Lane, J.,* at chambers, 29 September, 1921,
from YADKIN.

Civil action in the nature of a proceeding for a writ of mandamus,
brought under C. S., 5488, to compel the defendant board of commis-
sioners to levy a special school tax of 41 cents on the $100 assessed
valuation of the taxable properties and polls in Yadkin County for the
year 1921; it being alleged that such rate is necessary to make provision
for a teachers' salary fund and to maintain a six months school term
in said county, as required by Art. IX, sec. 3, of the Constitution.

From a judgment granting the relief sought, to the extent of requiring a tax of 40 cents on the $100 valuation of all taxable property in the county, the defendant appealed.

*Attorney-General Manning and Assistant Attorney-General Nash for plaintiff.*
*Williams & Reavis, H. P. Grier, and T. C. Bowie for defendant.*

STACY, J. The defendant's first exception is directed to the constitutionality of the statute under which this proceeding is instituted, to wit, C. S., 5488. The act is assailed upon the ground that where issues of fact are raised by the pleadings and the findings of the judge are made conclusive, the right of trial by jury is thereby denied. We do not think the statute is repugnant to Art. I, sec. 19, of the Constitution, which provides that "in all controversies át law respecting property the ancient mode of trial by jury is one of the best securities of the rights of the people, and ought to remain sacred and inviolable."

The exact question here presented was before the Court in the case of *Board of Education v. Board of Commissioners,* 174 N. C., 469, and the following excerpt from the opinion delivered in that case by *Hoke, J.,* would seem to be decisive of this exception: "We are not inadvertent to the position earnestly urged for defendant that the act providing for a determination of the amount required for a four-months (now six months) school by the Superior Court judge is unconstitutional, in that it attempts to confer legislative powers on the courts, but we do not think the statute is open to such objection. It only empowers the courts to ascertain and determine a disputed fact relevant to a pending issue between the two boards, and thereupon command that the tax be levied accordingly, both the finding of the fact and the judgment thereon being, in our opinion, judicial in their nature. *In re Applicants for License,* 143 N. C., 1 and 6. The tax, however, is authorized, as it should be, by legislative enactment, and is to be levied and collected by the usual and ordinary administrative and executive officers of the county government."

But we do not think the imperative necessity of levying a rate of tax in full compliance with the plaintiff's demand, or that ordered by the judge, is made to appear from the instant record. The defendant has levied a special tax of 30 cents on every $100 valuation of taxable property within the county, and a corresponding tax on every taxable poll for the purpose of raising the necessary teachers' salary fund; and it is provided in sec. 4, ch. 146, Public Laws 1921, that no county shall be compelled to levy more than such amount, and when this maximum rate has been levied, and the funds derived therefrom are insufficient for the

purpose aforesaid, then "the county shall receive from the State public school fund for teachers' salaries an apportionment sufficient to bring the school term in every school district to six months." It is further provided in section 2 of said act that the State Board of Education shall apportion annually to those counties which are unable to provide a six-months school term, after levying the maximum rate specified in section 4, "an amount to supplement the county funds sufficiently to provide a six-months term for every school in the county." The clear intent of the Legislature would seem to be that when the maximum tax rate of 30 cents on every $100 valuation of property, real and personal, and a corresponding tax on every taxable poll has been levied for this special purpose by the commissioners of the county, and the amount derived therefrom is insufficient to meet the necessary requirements, then the deficiency shall be supplied, if practicable, by the State Board of Education out of the State public school fund.

It was suggested on the argument, and it is alleged in the complaint, that the equitable apportionment, or ratable part, of this latter fund, which the State Board of Education would be authorized in allotting to Yadkin County, together with the local property tax of 30 cents, and a corresponding tax on the poll, is still insufficient in amount to meet the necessary requirement of Art. IX, sec. 3, of the Constitution with respect to a six-months school term. But this question is not before us, as no such finding appears on the record, and we are not disposed to enter upon a discussion of so important a matter until it is presented directly for our consideration.

On the other hand, it appears affirmatively from his Honor's findings of fact that the State Board of Education has refused to make any apportionment from the State public school fund in order to supplement the county funds sufficiently to provide a six-months term for one or more schools in every district in Yadkin County, unless and until the defendant board of commissioners shall levy a tax in accordance with plaintiff's demand. This would seem to be contrary to the statute. At least, we are unable to find authority for the position, there being no valid reason assigned therefor, and it is possible that the State Board of Education, coöperating with the defendant, may be able to meet the deficiency with moneys out of the public school fund, in which event, the present controversy apparently may be adjusted without further litigation.

The method adopted by the State Board of Education in ascertaining the respective amounts which should be apportioned to the several counties out of the State public school fund, while not before us, is no doubt a fair and legitimate one; but this is a separate and distinct matter from the provisions of the Constitution and the law under which the defendant

·is asked to proceed. It would seem that Yadkin County should be allowed its equitable part of this State fund, regardless of the amount, when it has met the requirements of the statute. Then should the existing· tax levy, together with the allotment from the State fund, prove to be inadequate, the defendant may experience the necessity of determining what further means should be employed to meet the exigencies of the situation. But until this occasion arises, we will not undertake to say what policy should be pursued, in the absence of any legislative declaration.

Upon the record and for the want of any sufficient findings of fact to support it, we must hold that the peremptory mandamus was improvidently granted; and, if the appeal was intended to present the question as to whether the defendant board of commissioners should be required to levy a tax in excess of the maximum rate fixed by the statute, in the event the constitutional requirement cannot be met in any other way, we must remand the case for additional findings, as the necessity for a ruling on this point is not now apparent.

Reversed and remanded.