## IN RE MAY BUDGET OF THE BOARD OF EDUCATION OF YADKIN COUNTY.

(Filed 14 May, 1924.)

**Schools — Salaries — Statutes — Counties — Trial by Jury—Appeal and Error.**

Under the provisions of chapter 136, Public Laws 1923, a method is fixed whereby, upon disagreement as to the amount of salary fund between the county board of education and county commissioners, the matter be referred to the clerk of the Superior Court of the county, with right of appeal to the judge: *Held,* error for the latter to refuse the motion of the board of county commissioners for a jury trial thereon, as expressly provided by section 188 of said chapter.

APPEAL by the county commissioners of Yadkin and the board of education of said county from *Webb, J.,* at March Term, 1924, of YADKIN.

This is a controversy between the county commissioners of Yadkin and the board of education of said county to settle the matters in controversy between said boards over the May budget for the school year 1923 under chapter 136, Laws 1923. All matters in controversy between said boards have been settled by agreement except one item of salary fund, to wit, the salary to be paid the Superintendent of Public Instruction of Yadkin County. The board of education fixed the salary of said superintendent at $3,000. The commissioners of Yadkin made exception to the same, thinking that it was unreasonable, and presented a counter-budget in which the salary of the superintendent was fixed at $2,000 per year.

The matter was referred to the clerk of the Superior Court as provided by section 187, p. 50, of the Public School Law. The board of education protested against the said reference to the clerk, who rendered his award, fixing the salary at $2,600 and $400 for expenses. From such decision both boards appealed to the judge of the Superior Court, the county commissioners demanding that the issue be decided by a jury and the board of education insisting that it was not subject to jury trial. The court, upon the facts agreed, refused a jury trial and affirmed the judgment of the clerk, and both sides appealed.

*Attorney-General Manning, Assistant Attorney-General Nash, J. H. Folger, and D. M. Reece for county board of education.*
*Williams & Reavis and Holton & Holton for board of commissioners.*

CLARK, C. J. The school law provides: "Sec. 175. *The Contents of the May Budget.* The May budget prepared by the county board of education shall provide three separate school funds: (a) a salary fund, (b) an operating and equipment fund, and (c) a fund for the repayment of all notes, loans and bonds.

"(a) The salary fund shall include the salaries of all superintendents, principals, supervisors, teachers of all sorts, the per diem of the county board of education, and the salaries of all other officials authorized by law."

Section 187 provides that in the event of a disagreement between the county board of education and the board of county commissioners as to the amount of salary fund or the fund necessary to pay interest and installments on bonds, notes and loans, the county board of education and the board of county commissioners shall sit in joint session and each board shall have one vote on the question of the adoption of these amounts in the budget. A majority of the members of each board shall cast the vote for each board. In the event of a tie, the clerk of the Superior Court shall act as arbitrator upon the issues arising between said two boards, and shall render his decision thereon within ten days. But either the county board of education or the board of county commissioners shall have the right to appeal to the Superior Court within thirty days from the date of the decision of the clerk of the Superior Court, and it shall be the duty of the judge hearing the case on appeal to find the facts as to the amount of the salary fund and the fund necessary to pay interest and installment on bonds, notes and loans, which findings shall be conclusive.

"Sec. 188. *Commissioners May Demand a Jury Trial.* The county commissioners shall have the right to have the issues tried by a jury as to the amount of the teachers' salary fund and the operating and equip-

ment fund, which jury trial shall be set at the first succeeding term of the Superior Court, and shall have precedence over all other business of the court."

Following the case of *Board of Education v. Comrs.*, 182 N. C., 571, in which this Court held that the provision of the school law providing for the judge to pass upon certain issues of fact was constitutional, the Legislature then in session passed an act, chapter 93, Extra Session 1921, providing, "The issues raised shall be tried by a jury at the first succeeding term of the Superior Court, and shall have precedence over all other business of the court."

Section 187 of the school law provides that any disagreement that might arise between the board of education and the board of county commissioners in making up the school budget shall be settled by the clerk, and further provides either party can appeal from his decision; and section 188 provides for a trial by jury of the issue in question.

It is to be noted that section 175 provides for a salary fund, expressly naming and defining what shall be included under the budget of salary fund, and names "all superintendents."

We think that under the words of the statute the board of commissioners have the right under this statute to have the issue as to the superintendent's salary tried by a jury, and the judge was in error in refusing to submit the same.

Reversed.