WHITEVILLE CITY ADMINISTRATIVE UNIT v.
COLUMBUS COUNTY BOARD OF COUNTY COMMISSIONERS.

(Filed 29 January, 1960.)

**1. Schools § 6a—**

When funds are available, the location of a school site lies exclusively with the board of education or the administrative unit charged with the responsibility of operating the school, but such authority is predicate on the assumption that money is available to pay for the site, and the statute does not touch the question of where the funds shall come from or authorize the school authorities to compel the levying of a tax to provide such funds. G.S. 115-125.

**2. Schools § 9a—**

It is the duty of a board of education or administrative unit to evaluate the need of funds for the operation of the schools and apply to the board of county commissioners for the necessary funds, and when the funds are appropriated, to expend the same within the designated classifications as will best serve school needs.

**3. Same—**

It is the duty of the board of county commissioners to study the requests for school funds filed with it by the board of education, and by taxation to provide such funds, and only such funds, as may be needed for the economical administration of the schools. G.S. 115-80.

**4. Same—**

When disagreement arises between the board of education and the board of county commissioners as to the amount of funds necessary for school purposes, the county commissioners cannot be required to provide funds beyond their estimate of needs unless the controversy is resolved against them in an action in the nature of *mandamus* to compel the levy of the necessary taxes, in which action the issue must be determined by a jury when jury trial is requested by the county commissioners.

**5. Same— Verdict of jury is determinative of controversy of whether particular item of expenditure is reasonably necessary to maintenance of schools.**

A school administrative unit submitted its request for funds necessary for operation of the schools, which included an item for the purchase of a new school site upon which to reconstruct a school to replace one that had burned, upon its contention that the old site was inadequate. The board of commissioners refused the request for funds for the new site upon its contention that such funds were not reasonably necessary to maintain the schools of the district. In an action instituted by the administrative unit, the county commissioners demanded a jury trial, and the jury found that the funds for the new school site were not necessary to the maintenance of the schools of the district. *Held:* The administrative unit is not entitled to compel the levy of taxes for the purpose of raising the funds for the new school site.

MOORE, J., took no part in the consideration or decision of this case.

APPEAL by Whiteville City Administrative Unit from *Craven, S. J.*, August, 1959 Special Term, of COLUMBUS.

Appellant is a governmental agency charged with responsibility of operating the public school system in a portion of Columbus County, G.S. 115-4. (The school laws were recodified in 1955. The section references to the General Statutes used in this opinion are those appearing in the 1959 Supplement.)

Appellant operated an elementary and a high school on a site containing 15.5 acres, five acres of which was allocated to the elementary school and 10.5 acres to the high school. The building housing the high school was destroyed by fire 17 December 1958. It was insured. Appellant collected and had available from its insurance carrier for use for a new high school $302,646.24. After due consideration, appellant concluded: the old location was not desirable as a site for a new high school both because of location and area; a new high school to replace the one burned was a necessity; an adequate building properly equipped would cost $391,678.85; a new site containing 22 acres, which appellant had selected, would cost $44,000; in addition to these sums, it needed as a capital outlay $3,800 to repair its other buildings.

Appellant filed with defendant Board of Commissioners a budget showing its needs for: (A) current expenses, (B) capital outlay, and (C) debt service as prescribed by G.S. 115-78 and 80. Defendant Commissioners approved the budget for current expenses and debt service, and obligated the county to provide the amounts requested.

The Commissioners approved each of the items requested in the capital outlay budget except for $44,000 for the proposed new site. It refused to appropriate any money to purchase a new site.

Appellant requested a joint meeting of the two Boards as provided by G.S. 115-87. The joint meeting was held. The parties were unable to agree on the need for a new site. Thereupon the matter was submitted to the clerk of the Superior Court of Columbus County as provided by G.S. 115-87. The clerk, on 31 July, rendered his decision. He found that the Administrative Unit "had the power in their sound discretion to select a new site and to determine the necessity of such new site," and he voted with it. The Commissioners in due time gave notice of appeal, having excepted to the findings and conclusions of the clerk. They demanded a jury trial. The court submitted two issues to the jury as follows:

"Is the sum of $44,000.00 a fair and reasonable amount to be expended for the new school site as contended for by the Whiteville City Schools Administrative Unit?

"ANSWER: Yes, by consent, Craven, J.

"Is the item of $44,000.00 sought to be budgeted for the acquisition of additional lands reasonably necessary to maintain the schools of the Whiteville Administrative District?

ANSWER: No."

The Commissioners have not challenged the value of the property selected. They deny the need for other or additional land for a site. Based on the verdict, the court adjudged "that the said funds for a new site were not reasonably necessary to maintain the schools of the Whiteville Administrative District." The Administrative Unit excepted and appealed.

*D. Jack Hooks and Jesse A. Jones for plaintiff, appellant.*
*E. K. Proctor and Powell & Powell for defendant, appellee.*

RODMAN, J.  This appeal cannot be determined without an understanding of the questions to be determined. Appellant argues the question is the right of the school authorities to select the site on which a building is to be erected. Appellee argues it has the right to determine what portion of the capital outlay budget is necessary to operate the schools.

The clerk apparently reached the conclusion that both questions were presented. He concluded the Administrative Unit had superior authority in each instance.

When a new school is to be established and monies are available, the location of the site lies exclusively with the board of education or the administrative unit charged with the responsibility of operating the schools. *Parker v. Anson County,* 237 N.C. 78, 74 S.E. 2d 338; *Kistler v. Board of Education,* 233 N.C. 400, 64 S.E. 2d 403; *Atkins v. McAden,* 229 N.C. 752, 51 S.E. 2d 484. Arbitration was not necessary to establish that right. Arbitration was necessary because the Commissioners concluded a new site was not necessary for the operation of the public schools and since not necessary, they were not compelled to levy a tax for that purpose.

When the reasons for and the history of the arbitration statutes, G.S. 115-87 and 88, are considered, the answer to the question presented by this appeal becomes apparent.

Art. IX, sec. 2, of the Constitution of 1868 declared a general system of public education should be provided by taxation. Sec. 3 of that article imposed the duty of operating at least one school in each district for a minimum term of four months. The duty rested on the county commissioners to provide the necessary funds.

Art. V, sec. 1, of that Constitution placed a limitation on the rate of taxation which commissioners could fix.

This Court, in 1885, held that county commissioners could not exceed the constitutional rate of taxation even if the excess were necessary to operate the public schools. *Barksdale v. Commissioners*, 93 N.C. 472.

As a climax to Aycock's campaign for better public schools adequately supported by taxation, the Legislature of 1901 enacted c. 4, entitled "An Act to Revise and Consolidate the Public School Law." It provided for a State fund to be distributed among the counties. Sec. 6 provided: "If the tax levied for the State for the support of the public schools shall be insufficient to maintain one or more schools in each school district for a period of four months, then the Board of Commissioners of each county shall levy annually a special tax to supply the deficiency . . ." That Act also required the county board of education to file with the commissioners "an estimate of the amount of money necessary to maintain the schools for four months and submit it to the County Commissioners."

Acting under the authority of the Act of 1901, the county commissioners of Franklin County levied a tax for the support of the four months' term in excess of the rate permitted by Art. V of the Constitution. A taxpayer challenged the tax so levied. This Court overruled the Barksdale decision and held that commissioners were required to levy the taxes requested by the educational authorities and found by the commissioners to be necessary for the operation of the schools for the constitutional term. *Collie v. Commissioners*, 145 N.C. 170.

In the *Collie* case the educational forces and the tax-levying authorities were in agreement as to the amount necessary for the operation of the schools. The Collie decision was followed by *Board of Education v. Commissioners*, 150 N.C. 116, 63 S.E. 724. There the educational authorities, complying with the Act of 1901, had filed with the tax-levying authorities a request for funds for the operation of schools for the term fixed by the Constitution. The county commissioners considered the request, approved it in part but refused to provide all the sums requested by the educational forces. The board of education sought *mandamus* to compel the county commissioners to comply with their request. The commissioners resisted, contending they had the duty of determining what funds were necessary. The Superior Court refused to issue the writ requested by the board of education. This Court affirmed. In effect the decision supported the contention of the commissioners that in the final analysis they had the right

to determine what funds were necessary for the operation of the schools.

The Legislature was in session when *Board of Education v. Commissioners, supra,* was decided. To afford recognition of the responsibilities resting on each board and to avoid dominance by either board, the Legislature provided for a hearing by a disinterested fact finder. It enacted: "In the event of a disagreement between the county board of education and the board of county commissioners as to the rate of tax to be levied, the county board of education may bring an action in the nature of *mandamus* against the board of county commissioners to compel the levy of such special tax . . . and it shall be the duty of the judge hearing the same to find the facts as to the amount needed . . . which finding shall be conclusive . . ." Sec. 1, c. 508, P.L. 1909.

This Act was challengd in *Board of Education v. Board of Commissioners,* 174 N.C. 469, 93 S.E. 1001. This Court held it valid.

When the Constitution was amended in 1919, lengthening the school term, similar legislation was enacted conforming to the constitutional amendment. Sec. 8, c. 102, P.L. 1919, C.S. 5488. This Act was attacked as invalid for failure to provide for jury trial. The Act was held valid, *Board of Education v. Commissioners,* 182 N.C. 571, 109 S.E. 630. The next Legislature provided for trial by jury when the county commissioners so requested. Sec. 188, c. 136, P.L. 1923; *In re Board of Education,* 187 N.C. 710, 122 S.E. 760.

The statutes to which we have referred constitute the framework for what now appears as G.S. 115-87 and 88. Subsequent amendments merely relate to details.

The basic philosophy with respect to the operation of our school system remains. It is the duty of the board of education to evaluate their needs, apply to the board of county commissioners for funds to supply the needs, and when funds are appropriated, to spend the same within the designated classification, current expenses and capital outlay, as will best serve school needs. It is the duty of county commissioners to study the request for funds filed with them by the board of education and to provide by taxation such funds, and only such funds, as may be needed for economical administration of schools. G.S. 115-80.

This Court has consistently recognized the obligations and duties resting on each board. *Denny, J.,* said in *Atkins v. McAden, supra:* "The county board of education and the school commissioners or trustees of an administrative unit, are charged with the responsibility of building all new schoolhouses and repairing the old ones in their

respective administrative units. However, the board of county commissioners is charged with the duty to determine what expenditures shall be made for the erection, repair and equipment of school buildings in the respective administrative units in the county."

*Barnhill, J. (later C.J.),* said: "The right of the Board of Commissioners to determine what expenditures shall be made arises when a proposal for the expenditure of funds for school facilities is made by the Board of Education. Having determined that question and having provided the funds it deems necessary, its jurisdiction ends and the authority to execute the plan of enlargement or improvement reverts to the Board of Education. It selects and purchases new sites, approves the plans for the erection of new buildings or the remodeling or enlarging of old buildings. It lets the contracts, supervises the construction, and expends the funds." *Parker v. Anson County, supra.*

When disagreement arises, the county commissioners cannot be required to provide funds beyond their estimate of needs until the controversy has been resolved in the manner provided by statute. *Rollins v. Rogers,* 204 N.C. 308, 168 S.E. 206.

There has been no adjudication here which prohibits the school authorities from acquiring the site they desire. What has been determined is that it cannot be acquired with taxes levied on the people of Columbus County. Appellant may acquire it as a gift or with funds coming from sources other than taxes levied by the Commissioners of Columbus County. *Edwards v. Board of Education,* 235 N.C. 345, 70 S.E. 2d 170.

G.S. 115-125, relied upon by appellant, has no application to this case. It merely gives the school authorities the right to acquire school sites. It is predicated on the assumption that school authorities have the money to pay for the site. It does not touch the question of where these funds shall come from or the power of the school authorities to compel the levying of a tax.

The basic fact has been determined adversely to appellant. Our examination of the record and briefs shows

No error.

MOORE, J., took no part in the consideration or decision of this case.