ALEXANDER JOHNSON, JR. *v.* E. L. WINSLOW.

The Statute of limitations, in actions upon unsealed contracts, has been
suspended since September 1st, 1861, and by present legislation, is
to remain so until January 1st, 1870.

A Statute may be in part constitutional, and in part unconstitutional.

(*McCubbins* v. *Barringer*, Phil. 554, *Neely* v. *Craige, Ib.* 187, *Morris* v.
*Avery, Ib.* 238, *Hinton* v. *Hinton, Ib.* 410, cited and approved.)

ACTION upon a promissory note, begun by warrant, tried
before *Buxton, J.*, at Spring Term 1869, of the Superior Court
of CUMBERLAND.

The defendant pleaded, "the Statute of Limitations."

His Honor having given judgment for the plaintiff, the de-
fendant appealed.

The facts are stated in the Opinion.

No counsel for the appellant.
*Hinsdale, contra.*

READE, J. The action is upon a note dated and due in
January, 1860.

The time within which an action might be brought upon said note under the Statute of Limitations was three years. The action was not brought until May 1869; so that the action was barred, unless there was something to prevent the operation of the Statue.

In 1861 an Act was passed, suspending the Statute of Limitations "so long as this Act shall continue in force," ch. 10, sec. 18. This provision is part of an Act usually denominated the "Stay Law;" and it is insisted that as a Stay Law it was unconstitutional and therefore never was in force at all. But this does not follow, for an act may be constitutional in part, and unconstitutional in part, *McCubbins* v. *Barringer*, Phil. 554, and we have decided that so much of said act as suspends the Statute of Limitations, is valid. *Neely* v. *Craige*, Phil. 187; *Morris* v. *Avery, Ib.* 238; *Hinton* v. *Hinton, Ib.* 410; and the provision that the Statute of Limitations shall be suspended "so long as this Act shall remain in force" must be understood to mean, until it shall be repealed.

Again, in February 1863, an Act was passed suspending the operation of the Statute of Limitations from 20th May, 1861, until the end of the war, ch. 50.

The Ordinance of June 1866, repealed all laws suspending the operation of the Statute of Limitations, and re-enacted (sec. 19) that the time passed since 1st September, 1861, barring suits, &c., should not be counted. And by Act 1867, ch. 17, sec. 8, the Statute is suspended from 1861, to January 1st, 1870. So that during all the time since 1861, there has been a Statute in force suspending the Statute of Limitations.

Although it were true that the Legislature has no power to revive a right of action after it has been barred, *i. e.* to suspend the operation of the Statute of Limitations retrospectively, after it has operated (Cooley on Con. Lim. 391, note), yet it is clear that the Legislature has the power to suspend the operation of the Statute prospectively, so as to prevent its barring rights. This does not impair the obligation of contracts, nor interfere with vested rights. "He who has satisfied a demand, cannot have it revived against him; and he

who has been released from a demand by operation of the Statute of Limitations, is equally protected. In both cases the right is gone; and to restore it would be to create a new contract for the parties," *Ib.* 369.

There is no error in the record. The judgment below is affirmed. Judgment will be entered here for the plaintiff.

PER CURIAM.                          Judgment affirmed.