*Doe on dem.* of J. W. HOWELL and others *v.* ALLEN BUIE.

The act of February 10th 1863, (ch. 34,) by suspending the statute of limitations, prevented a possession of land extending from October 15th 1845 to January 16th 1868, from barring the State under the act giving such operation to *twenty-one* years' possession with color of title.

EJECTMENT, tried before *Buxton, J.*, at Spring Term 1870 of MOORE Court.

The facts appear in the Opinion.

Verdict, &c., for the defendant; and the plaintiff appealed.

Howell and others *v.* Buie.

*Fuller and Phillips & Merrimon,* for the appellant.
*Manning, contra.*

READE, J. The lessor of the plaintiff claims title under a grant from the State, dated August 12th 1867. The defendant claims title by virtue of twenty-one years' possession under color of title, and known and visible boundaries : Rev. Code, ch. 65, s. 2. Defendant had such possession from October 15th 1845, to January 1868; more than twenty-one years. The plaintiff replies to this, that the act of February 10th 1863, chap. 34, suspends the statute of limitation in the Revised Code, *supra :* and that is the only question in the case. That act is as follows : "In computations of time for the purpose of applying any statute limiting any action or suit, or any right or rights, or for the purpose of raising any presumption of any release, payment or satisfaction, or any grant or conveyance, the time elapsed since May 20th 1861, or which may elapse until the end of the present war, shall be excluded from such computation."

At the time of the passage of that act the defendant had had possession for less than sixteen years. Add the time of his possession after the war, and it still makes less than twenty-one years : and therefore the State, under which the plaintiff claims, was not barred by the statute of limitations. If it had appeared in the case, as probably the fact is, that those under whom the defendant claims had had possession for such length of time as added to the defendant's possession would have made twenty-one years up to the act of 1863, the defendant's title would be good. If the fact is so, then it may avail the defendant in a subsequent proceeding, but not as the case is now before us.

There is no error.

PER CURIAM.                                    Judgment affirmed.