R. C. PLOTT *v.* THE WESTERN NORTH CAROLINA RAILROAD COMPANY.

A Rail Road Company may dispense with the assessment of damages by commissioners for passing over the land of a proprietor, by promising to settle and pay it without assessment, and the land owner may recover upon the special promise.

The statute of limitations was suspended in this State by different acts of the Legislature from the 11th May, 1861, to the 1st day of January, 1870, and hence a parol contract which was not barred by the said statute on the said first mentioned date could not have been so prior to the 1st day of January, 1870.

The case of *Johnson* v. *Winslow,* 63 N. C. Rep. 552, cited and approved.

This was a civil action commenced in 1869, and tried before his Honor, Judge *Mitchell,* at the Fall Term, 1870, of the Superior Court for IREDELL County.

The claim was for damages caused by the defendant, taking and using the plaintiff's land for its road. It was in evidence that the plaintiff applied verbally to the defendant, through its officers for an assessment of the value of his land over which the road had been located, and that this application had been made within two years after the location of the road, and had been repeated in the summer or fall of 1858 just before the expiration of the said two years,. and that the defendant put him off by assurances that the damages should be paid him.

The defendant's counsel contended that the plaintiff could not recover, because he had not made a legal application within two years from the location of the road according to the provisions of the defendant's charter, and that applying verbally was not sufficient. And further that the action was barred by the statute of limitations. His Honor charged the jury otherwise and the plaintiff had a verdict and judgment, and the defendant appealed.

*Caldwell* and *Busbee & Busbee*, for the plaintiff.
*Boyden & Bailey* and *Furches*, for the defendant.

READE, J.   The plaintiff was not obliged to pursue the remedy prescribed in the defendant's charter to recover damages for the way over his land, to-wit: assessment by commissioners within two years from the time the road was located, because the defendant dispensed with it, and assured the plaintiff that it would be settled without.   And the plaintiff may recover upon that special promise.

The promise was in the summer or fall, 1858, and the action was commenced in 1869, and the statute of limitations three years, is pleaded.   The plea cannot avail, because, on 11th May, 1861, before the lapse of three years from the promise, the Legislature passed an act suspending the statute of limitations, and a series of statutes since then have kept the statute of limitations suspended up to 1st January, 1870.   *Johnson* v. *Winslow*, 63 N. C. Rep. p. 552.

No error.

PER CURIAM.                    Judgment affirmed.