CHAS. H. WILLIAMS *v.* GREEN WILLIAMS, surviving partner, &c.

In action on an account due 1st January, 1861, to which the statute of limitations is pleaded, the time during which the statue is to run, must be computed from the said 1st day of January, to the 20th day of May, 1861, and then from the 1st day of January, 1870, till the day the summons was issued.

(*Johnson* v. *Winslow*, 63 N. C. Rep. 552; *Smith* v. *Rogers*, 65 N. C. Rep. 181, cited and approved.)

CIVIL ACTION, commenced before a Justice of the Peace, and carried by appeal to the Superior Court of PERSON county, in which it was tried before *Tourgee, J.*, at Fall Term, 1873.

The plaintiff complained for the non-payment of $200, due by account for work and labor during the year 1860, and demanding interest from 1st day of January, 1861. To this complaint the defendant pleaded the statute of limitations.

The Justice give the plaintiff judgment, and the defendant appealed. On the trial below, his Honor, holding that the statute barred the action, reversed the judgment of the Justice and gave judgment for the defendant. From this judgment the plaintiff appealed.

*Jones & Jones*, for appellant.
No counsel *contra* in this Court.

READE, J. The only question is, whether the action is barred by the statute of limitation, three years.

The claim was due 1st of January, 1861. The action was commenced the 27th of April, 1872. More than twelve years had elapsed. But then, by divers statutes, the statute of limitations was suspended from the 20th of May, 1861, until the 1st of January, 1870, as is fully explained in *Johnson v. Winslow*, 63 N. C. Rep. 552, and *Smith v. Rogers*, 63 N. C. Reps. 181.

The time to be counted in this case is from January 1st 1861, to 20th of May, 1861, four months and twenty days, and from January 1st, 1870, to April 27th, 1872, when the action commenced, two years, three months and twenty-seven days, which, added to the former time, makes two years, eight months and seventeen days.

It is suggested that the Code, sec. 16, repeals the law of the limitations of actions as provided in the Revised Code, chap. 66, and substitutes the limitations mentioned in C. C. P., title IV. So it does; but that is prospective only, and has an express saving for " all actions already commenced or rights of action already accrued, but the statutes in force previous to the ratification of this act shall be applicable to such cases," &c.

So that in this case, time is to be counted or not counted,

just as if the C. C. P., title IV, had no existence. In other words, the time is not counted from the 20th of May, 1861, to the 1st of January, 1870.

There is error.

PER CURIAM. Judgment reversed and judgment in this Court for plaintiff.