PARIS S. BENBOW *v.* MARY A. ROBBINS and another.

Twenty years possession of an easement raises a presumption of a grant. In computing that twenty years, the time from the 20th day of May, 1861, until the 1st day of January, 1870, shall not be counted, so as to presume the abandonment of any right by the plaintiffs.

(*Rogers* v. *Mabe*, 4 Dev. 180; *Geringer* v. *Sommers*, 2 Ired. 229; *Neely* v. *Craig*, Phill. 187; *Morris* v. *Avery*, Ib. 238; *Hinton* v. *Hinton*, Ibid, 410; *Plott* v. *Western N. C. R. R. Co.*, 65 N. C. Rep. 74; *Smith* v. *Rogers*, Ib. 181; *Johnson* v. *Winslow*, 63 N. C. Rep. 552; *Howell* v. *Buie*, 64 N. C. Rep. 446, cited and approved.)

CIVIL ACTION for damages, and application for an injunction, heard and determined by his Honor, *Tourgee, J.*, at the Fall Term, 1873, of the Superior Court of GUILFORD county.

The plaintiff in his affidavit to obtain an injunction, and in his complaint, alleged that the defendants had exceeded a certain easement they had a right to, to-wit, to pond the water below the plaintiff's mill race to a certain rock, and applied for an order to restrain them from so doing. An interlocutory order was granted, which was vacated upon the coming in of the answer and after hearing the evidence.

The defendants denied exceeding their right to pond the the water, asserting that they and those from whom they claimed had used the right for over twenty years. Upon this point, which is the only one considered in this Court, his Honor below, to whom by consent it had been submitted to find the facts, a trial by jury being waived, was of opinion that because of the adverse possession and use for more than twenty years on the part of the defendants, and those under whom they claimed, the plaintiff was barred of his action.

The plaintiff, contending that the statute barring his right was suspended during the period from May 20th, 1861, to the 1st day of January, 1870, and it having been found as a fact that the defendant's dam was first erected in 1852, appealed from his Honor's decision to this Court.

*Busbee & Busbee, Gorrell* ond *Scott*, for appellant.
*Dillard & Gilmer*, contra.

READE, J. 1. As between individuals, twenty years possession of land or user of an easement raises a presumption of a grant. *Rogers* v. *Mabe.* 4 Dev. 180 ; *Geringer* v. *Sommers*, 2 Ired. 229.

In the case before us it was found as a fact, that the defendant had used the easement for more than twenty years. But then comes in the statute of 12th February, 1867, and several other like statutes which *provide* "that the time elapsed from 20th May, 1861, until 1st of January, 1870, shall not be counted so as to bar actions or suits, or to presume the satisfaction or abandonment of rights." *Neely* v. *Craig*, Phil. R. 187; *Morris* v. *Avery, Ibid*, 238 ; *Hinton* v. *Hinton, Ibid*, 410; *Platt* v. *W. N. C. R. R.*, 65 N. C. Rep. 74; *Smith* v. *Rogers, Ibid*, 181; *Johnson* v. *Winslow*, 63 N. C. Rep. 552. And then the defendant insists that that statute is a part of the stay law system and applies only to matters *ex contractu.*

But that cannot be against the express words of the statute, that time shall not be counted to " presume the abandonment of rights." Why does defendant insist upon counting time ? Evidently to presume the abandonment of rights by the plaintiff, whereas the statute says that time shall not be counted for that purpose. *Howell* v. *Buie*, 64 N. C. Rep. 446, is a case in point.

2. It is insisted by the defendant that the plaintiff has mistaken his remedy. That he ought to have commenced by special proceedings under the act of 1868-'69, chap. 158, secs. 10, &c., Bat. Rev., chap. 72. Mills in analogy to the old practice of a jury of view. See Rev. Code, chap. 71. Mills. And we think this objection would have been well taken but for the acts of 1870-'71, chap. 108, and 1872-'73, commonly called the " curative acts," the latter of which is subsequent to the commencement of this action and cures the defect. Said acts provide that all actions, &c., which may have been irreg-

ularly instituted in the Superior Court shall be, so far as juris-
diction is concerned, the same as if regularly brought and shall
be prosecuted in the Court where they are, to final judgment.
Those acts are retrospective and they govern this case. *Bell*
v. *King*, 70 N. C. Rep. 330.

There is error. This will be certified.

PER CURIAM.                                     Judgment reversed.