## H. S. EDWARDS v. THOMAS JARVIS.

In an action to recover the possession of land, and involving the title thereto, and to which the Statute of Limitations is pleaded, the time from the 20th day of May, 1861, to the last day of January. 1870, is not to be counted.

This was a CIVIL ACTION, for the recovery of the possession of land, tried before *Furches, J.*, at Fall Term, 1875, of ALLEGHANY Superior Court.

The case was heard upon facts agreed, which are fully set out in the opinion of Justice SETTLE.

The defendant relied upon the statute of limitations. The court rendered judgment in favor of the plaintiff, and thereupon the defendant appealed.

*McCorkle*, for the appellant.
No counsel in this court, *contra.*

SETTLE, J. The record presents the following facts :

1. The plaintiff has the older chain of title, and it covers the land in dispute.

2. The defendant took a deed for the land on the 23d day of September, 1865, and went into possession on that day, and has held possession thereof ever since, under his said deed.

3. This suit was commenced on the 11th day of April, 1873. Is the action barred by the lapse of time ?

The general proposition, that the time elapsed from the 20th day of May, 1861, until 1st day of January, 1870, shall not be counted so as to bar actions or suits, or to presume satisfaction or abandonment of rights, we may assume to be true.

This general proposition, however, is subject to the exception that actions of debt, covenant, assumpsit or account, upon any contract, demand or penalty incurred since the first day of May, 1865, and the remedies thereon, shall be in all respects the same as they were in the year 1860. This excep-

tion opened the door for suits and causes of action founded on *contract* or obligation entered into since the first day of May, 1865, but did not affect the general rule already stated in respect to *torts*, or other causes of action, save those, in contract, embraced in the exception just mentioned.  The ordinances and acts establishing these propositions have been so frequently the subject of review, we are inclined to think, that perhaps every other question that can arise out of the suspension of the statute of limitations from 1861 to 1870, has been decided by this court.

We are therefore not disposed to further discuss the subject. The judgment of the Superior Court is affirmed.

Let this be certified, &c.

PER CURIAM.                         Judgment affirmed.