JOHN HAWKINS v. LEWIS SAVAGE, Adm'r.

In an action for a tort committed in 1867, the Statute of Limitations does not begin to run until the 1st day of January, 1870.

(The case of *Edwards* v. *Jarvis*, 74 N. C. Rep., 315, cited and approved.)

CIVIL ACTION, to recover damages, tried before MOORE, J., at May Term, 1876, of EDGECOMBE Superior Court.

In March, 1867, the intestate of the defendant converted, to his own use, a quantity of fodder, the property of the plaintiff. The defendant relied upon the Statute of Limitations as a defence to the action. The summons was issued December 30th, 1872. Prior to the commencement of the present action, to-wit : April 1st, 1870, the plaintiff commenced an action for the same cause, but in November, 1871, entered a non-suit therein.

His Honor held that the Act of March 1st, 1867, secs. 1–2, entitled " An Act explanatory of an Act entitled An Act to change the jurisdiction of the Courts and the rules of pleading therein," did not apply to actions for torts. The Court rendered judgment for plaintiff, and thereupon the defendant appealed.

*W. H. Johnson*, for the appellant.
*Bridgers, Jr.*, contra.

SETTLE, J. At the last term of this Court it was held, that the time elapsed from the 20th day of May, 1861, until the 1st day of January, 1870, shall not be counted so as to bar actions or suits, or to presume satisfaction or abandonment of rights, save only that actions of debt, covenant, assumpsit or account upon any contract, demand or penalty incurred since the 1st day of May, 1865, and the remedies thereon shall be in all respects the same as they were in the year 1860. *Edwards* v. *Jarvis*, 74 N. C. Rep., 315.

The exception leaves all causes of action *ex contractu* arising before the 1st day of May, 1865, and all actions *ex delicto* between the 20th day of May, 1861, and the 1st day of January, 1870, subject to the provisions of the first and general proposition.

This being an action in *tort*, the statute did not begin to run until the 1st day of January, 1870, and consequently is not barred.

It is proper to remark that the decisions of the last term were not published at the time this appeal was taken.

The judgment of the Superior Court is affirmed.

Let this be certified, &c.

PER CURIAM.                    Judgment affirmed.