ANDREW BARRINGER *v.* JOHN A. ALLISON.

*Justice's Court--Stay of Execution--Surety Thereto--Statute of Limitations.*

1. One who signs a stay of execution upon a Justice's judgment as surety, becomes thereby a party to the judgment and is bound to the same extent and in like manner as his principal.
2. In such cases the statutory bar of *seven* years (Rev. Code, chap. 65, § 6,) applies to an action brought against the surety upon the judgment.

(*Johnson* v. *Winslow* 63 N. C. 552 ; *Platt* v. *W. N. C. R. R. Co.*, 65 N. C. 74; *Smith* v. *Rogers*, Ibid. 181; *Humphreys* v. *Buie*, 1 Dev. 378, cited and approved.)

CIVIL ACTION, commenced before a Justice of the Peace, and tried on appeal at Fall Term, 1877, of IREDELL Superior Court, before *Cloud, J.*

The facts are sufficiently stated by THE CHIEF JUSTICE in delivering the opinion of this Court. His Honor gave judgment for the plaintiff, and the defendant appealed.

*Messrs. Shipp & Bailey*, for plaintiff, relied mainly upon the decision in *Humphreys* v. *Buie*, 1 Dev. 378.

*Mr. R. F. Armfield,* for defendant: Stay of execution, Rev.

Code ch. 62 § 11; Statute of limitation, Ibid ch. 65. No exceptions to be allowed except those mentioned in the statute.   See Angel on Limitations, 601, *et seq.*

SMITH, C. J.   On the 6th of September, 1860, before a Justice of the Peace of Iredell County, the plaintiff recovered judgment against Thomas Allison and Edwin Fall, and at the same time execution was stayed by an entry, at the foot of the judgment, of the words " stayed by " which was signed by the defendant and attested by the Justice.

The present action, to enforce the defendant's liability, was commenced before a Justice in that County on the 26th of November, 1875, no part of the debt having been paid.   The defences relied on are the presumption of payment and the statute of limitations.

Since the time which elapsed between the 1st of September, 1861, and the 1st of January, 1870, is not to be counted, not quite seven years remain, a period insufficient to raise the presumption, or to bar an action founded on a judgment. *Johnson* v. *Winslow,* 63 N. C. 552; *Platt* v. *W. N. C. R. R. Co.,* 65 N. C. 74; *Smith* v. *Rogers,* Ibid 181.

The only question therefore presented in the record or argued before the Court is, as to which of the provisions of the statute of limitations contained in the Revised Code is applicable to the facts of this case.   If the defendant's liability rests upon *contract* only, the action to charge him must be brought within three years.   If his liability, like that of the principal, arises out of the *judgment,* seven years are allowed within which it may be brought.

We are of opinion that the statutory bar of seven years applies, and that the suit was commenced in time.

The defendant's undertaking is not unlike that of a recognizance, except that it is unconditional, and no notice is necessary to make the obligation final.   By signing the

BARRINGER *v.* ALLISON.

entry before the Justice, he becomes a party to the judgment, and is bound to the same extent and in like manner as his principal. At the expiration of the time of stay, execution may issue against both, or against either the principal or the surety. This can be only upon the ground that there is a judgment against both, and that their liabilities are the same under the judgment. And if an execution may issue, which presupposes a judgment warranting it, we see no reason why any other statute than that applicable to a judgment, should be invoked to bar an action to revive it.

While we have not met with any direct adjudication upon the point, we think it involved in the decision in the case of *Humphreys* v. *Buie*, 1 Dev. 378. In that case an action of debt before a Justice was brought against one who had stayed the execution, to enforce his obligation. He insisted he was not liable in this form of action. In delivering the opinion of the Court, HALL, J., says: "The first reason for arresting the judgment is, that debt will not lie upon the defendant's liability, as surety, for the stay of the execution. *Such suretyship is tantamount to a judgment,* because execution may issue upon it against the surety, and he is as much bound as the principal, and for that reason, assumpsit will not lie against either."

We are but applying the principle thus announced to a new aspect of the case, when we declare that the plaintiff's action, based on the judgment, is not barred.

No error.

PER CURIAM. Judgment affirmed.