W. D. PEARSALL, Trustee, v. OWEN R. KENAN.

*Statute of Limitation—Legislative Power.*

The legislature has the power to repeal or suspend the effect of a sta-
tute of limitation or presumption before it operates, and to give
such repeal or suspension a retroactive effect.

(*Johnson* v. *Winslow,* 63 N. C. 552; *Hinton* v. *Hinton,* Phil. 410; *Ed-
wards* v. *Jarvis,* 74 N. C. 315; *Hawkins* v. *Savage,* 75 N. C. 133;
*Neely* v. *Craige,* Phil. 187; *Morris* v. *Avery,* Ib. 238; *Benbow* v. *Rob-
bins,* 71 N. C. 338, cited and approved.)

CIVIL ACTION tried at Spring Term, 1877, of DUPLIN
Superior Court, before *Seymour, J.*

The plaintiff as trustee of the " Dickson fund " brought
this action against the defendant as surety upon a note of
John J. Whitehead, principal, made on the 1st of January,

1858, for a $1,000. The execution of the note was admitted, and the defence set up was the statute of limitations, the defendant's counsel insisting that he had a vested right to the period which elapsed between the making of the note and the 10th of February, 1863 (Laws 1863, ch. 34) the date of the first act suspending the statute of presumptions of payment, which with the lapse of time from January 1st, 1870, and the commencement of the action, constituted a bar to the plaintiff's recovery, and that the legislature had no power to suspend the statute of limitations, retrospectively. His Honor held otherwise, and gave judgment for plaintiff, from which the defendant appealed.

*Messrs. J. N. Stallings* and *Merrimon, Fuller & Ashe*, for plaintiff.
*Mr. W. A. Allen*, for defendant.

READE, J. After an action is barred or presumption of payment has arisen by lapse of time under a statute,— whether the legislature has the power to prevent a defendant from availing himself of the defence, seems not to be settled by the authorities. In Cooley's Const. Lim. pp 365, 369, it is said that the legislature has not the power, and in a note there is a reference to quite a number of decided cases which I have not verified. In *Johnson* v. *Winslow*, 63 N. C. 552, what is said in Cooley is cited *arguendo*, but the point was not before the Court, and no additional force is given to it. In *Hinton* v. *Hinton*, Phil. 410, without any reference to Cooley, it is intimated that the legislature has the power. But the point is not now before us, and therefore nothing that we could say upon it would have the force of a decision. We notice it only because it was in the argument before us.

The point in this case is not whether the legislature has the power to destroy the effect of a statute of limitation or

presumption after it has operated by lapse of time, but whether it can repeal or suspend it before it operates. To repeal, is a universally recognized power; to suspend, is a kindred and lesser power; and so far as we know has never been doubted. Cooley's Const. Lim. 391. And at page 365, note 1: "The statute of limitations may be suspended for a period as to demands not already barred. *Wardlaw* v. *Buzzard*, 15 Rich. 158." And the statutes now under consideration have been held valid by this Court in a number of cases too tedious to mention. *Edwards* v. *Jarvis*, 74 N. C. 315; *Hawkins* v. *Savage*, 75 N. C. 133; *Neely* v. *Craige*, Phil. 187; *Morris* v. *Avery*, Ib. 238; *Benbow* v. *Robbins*, 71 N. C. 338, and the cases before cited.

It is insisted for the defendant that he had a vested right when the statute of 1863 was passed, and that the statute destroyed that right. What was his vested right? He owed the debt; it was due; if he had been sued on it, he had no defence. There was no statute of limitation or presumption that would have availed him. The most that he had was an expectancy that the plaintiff would forbear to sue him until the presumption would arise that he had paid it; and the legislature, because it had deprived the plaintiff of the right to sue, or had at least restricted the right for the ease of the defendant, deprived the defendant of the privilege of reaping any advantage from the restrictions which had been put upon the plaintiff. That is all, and it is nothing of which the defendant had the right to complain.

The three years statute does not avail the defendant, because the cause of action was prior to the Code, § 16. The Clerk of this Court will deduct the credits and calculate the interest, and report, and there will be judgment here accordingly; for which the clerk will be allowed $5.

PER CURIAM.                    Judgment accordingly.