J. C. WALDROP, FOR HIMSELF AND ON BEHALF OF ALL OTHER PROPERTY OWNERS IN THE GREENVILLE SCHOOL DISTRICT WHO MAY DESIRE TO MAKE THEMSELVES PARTIES HERETO, v. M. BROWN HODGES, G. H. PITTMAN, J. VANCE PERKINS, M. W. SMITH AND J. T. DUPREE, CONSTITUTING THE BOARD OF COUNTY COMMISSIONERS OF PITT COUNTY; AND J. B. JAMES, J. M. TAFT, S. M. CRISP, MRS. E. W. HARVEY, MRS. L. M. BUCHANAN, J. KNOTT PROCTOR AND W. L. ALLEN, CONSTITUTING THE BOARD OF TRUSTEES OF THE GREENVILLE SCHOOL DISTRICT OF PITT COUNTY.

(Filed 4 May, 1949.)

1. **Schools § 10c: Taxation § 38a—**

Under the provisions of Chap. 599, P.L.L. 1935, an action questioning the validity of a bond election under the Act must be instituted within thirty days after the publication of the result of the election, but this limitation does not bar an action subsequent to the thirty day period seeking to enjoin the issuance of the bonds on the ground that the time within which the bonds must be issued had elapsed, or on the ground that the proceeds from the sale of the bonds were to be used for unauthorized purposes.

2. **Schools § 10c: Taxation § 12—**

Conceding that G.S. 153-102, prescribing that bonds must be issued within three years after the bond order takes effect, is applicable to the issuance of bonds under Chap. 599, P.L.L. 1935, the Legislature has extended the time within which such bonds may be issued to 1 July, 1949. Chap. 325, Session Laws 1943; Chap. 402, Session Laws 1945; Chap. 510, Session Laws 1947.

3. **Limitations of Actions § 3—**

While the General Assembly may not revive a remedy which has become barred by a statute of limitations, it may, at any time prior to the effectiveness of the bar, enlarge the time within which the remedy may be invoked.

4. **Schools § 10h—**

The allocation of the proceeds of a bond election by the board of commissioners of a school district is a matter resting within its sound discre-

tion, with which the courts will not interfere so long as their action is not arbitrary, capricious or in disregard of law.

**5. Same—**

The board of commissioners of a school district has authority to divert the proceeds of a bond issue to other projects within the general purpose for which the bonds were authorized provided the board finds in good faith that conditions have so changed since the bonds were authorized that the proceeds are no longer needed for the original purpose.

**6. Same—In the absence of a bona fide finding of changed conditions, the proceeds of a bond issue must be used for the purposes stipulated in the bond order.**

The order calling an election and the published notice of election stated that the proposed bonds were for the purpose of "erecting and equipping new school buildings and purchasing sites therefor." In this suit to enjoin the issuance of the bonds thus authorized it appeared that the board of commissioners proposed to use a part of the proceeds for enlarging existing schools and to build a new school, and reserve a percentage of the proceeds to be used in connection with a contemplated future bond issue, for a new high school building. *Held:* The proposed use recognizes the need of funds for the erection of new buildings and precludes a finding in good faith that the bonds were no longer needed for the purpose set out in the bond order, and therefore the use of part of the proceeds for the enlargement of schools is contrary to law, and the judgment of the lower court is modified to the end that the proceeds be used exclusively for the construction and equipment of new buildings and the purchasing of sites therefor.

APPEAL by plaintiff from *Frizzelle, J.,* in Chambers at Snow Hill, 26 March 1949, PITT.

Civil action to restrain and enjoin the issuance of proposed school bonds.

The Greenville School District is a duly and regularly created school district. On 28 October 1941, pursuant to call, an election was held in said district to determine whether the electors therein would approve the issuance of $250,000 in school bonds for the purpose set forth in the resolution of the defendant Board of Commissioners and the notice of election published pursuant thereto. The issuance of the bonds was approved by a substantial majority of the registered voters.

While the bond election was held on 28 October 1941, the result of said election was not published until 23 January 1943.

The purpose for which the bonds were to be issued as set forth in the order calling the election and in the published notice of election was "for the purpose of erecting and equipping new school buildings and purchasing sites therefor in said district," and it is admitted that it was generally publicized and represented to the voters of the district prior to the election that the proceeds of the bonds would be used for the purpose of pur-

chasing a site somewhere in the eastern section of said school district and erecting a new high school building thereon.

It is now the avowed plan and purpose of the defendants to use approximately seventy per cent of said bond proceeds for the purpose of enlarging the Third Street and West Greenville elementary school buildings, constructing a new elementary school for Negroes, making additions to the Eppes School building for Negroes, and to hold intact the balance of the bond proceeds to be used, in connection with a contemplated future bond issue, in the erection of a new high school building.

On 5 January 1943, the defendant Board of Commissioners adopted a resolution providing for the issuance of $25,000 in bonds under authority of said election, but the bonds were not issued and this resolution was rescinded on the first Monday in March, 1949.

On 7 March 1949, said Board, at the request of the defendant Board of Education, adopted a resolution providing for the issuance of the full amount of bonds authorized in said election and the levying of a tax for the payment thereof "for the purpose of erecting and equipping new school buildings and purchasing sites therefor in said district."

Thereupon the plaintiff instituted this action for injunctive relief against the issuance and sale of said bonds for the causes and upon the grounds set forth in his complaint.

When the cause came on for hearing on the rule to show cause why an injunction should not issue, the court below entered judgment that the defendant Board of Commissioners is fully authorized to issue and sell said bonds and to levy a tax for the payment thereof. It thereupon denied the motion for an order of injunction and dismissed the action at the cost of the plaintiff. Plaintiff excepted and appealed.

*Harding & Lee for plaintiff appellant.*
*Sam B. Underwood, Jr., for defendant appellees.*

BARNHILL, J. The Greenville School District was established and the bond election was held pursuant to the provisions of Chap. 559, P.L.L. 1935, as amended by Chap. 388, P.L.L. 1937, making the Act applicable to Pitt County. The 1935 Act, in sec. 9 thereof, provides in part: "The powers conferred by this Act shall be regarded as supplemental and in addition to powers conferred by other laws and shall not supplant or repeal any existing powers for the issuance of bonds . . ."

The plaintiff seeks to attack the issuance of the proposed bonds for irregularities in the registration of a voter, for delay in publishing the result of the election, and for other causes relating directly to the calling and holding of said election. But the doors of the courts are no longer open to plaintiff to assail, for the causes stated, the validity of the pro-

ceedings for the calling of the election or of the election, for it is expressly provided in the Act that "No right of action or defense founded upon the invalidity of such election . . . shall be asserted, nor shall the validity of such election . . . be open to question in any court upon any ground whatever, except in an action or proceeding commenced within thirty days after the publication of" the result of the election. Sec. 5, Chap. 559, P.L.L. 1935. See also G.S. 153-90 and G.S. 153-100.

But the limitation on the right to attack the irregularity or validity of the bond election and of the bonds to be issued pursuant thereto, thus provided, does not relate to or bar an action founded on the allegation that (1) the time within which the bonds may be issued has elapsed, or (2) the avowed purpose for which the proceeds derived from the sale of the bonds are to be used is contrary to law and constitutes an unauthorized use of said funds.

So then, the two questions posed for decision are these: (1) Has the time within which the proposed bonds may be lawfully issued now elapsed, and (2) May the proceeds derived from the sale thereof be used for the purposes now contemplated by defendant boards?

The statute under which the defendants proceed, Chap. 559, P.L.L. 1935, contains no limitation upon the time within which the bonds, once authorized, may be issued. However, G.S. 153-102 provides that "After a bond order takes effect, bonds may be issued in conformity with its provisions at any time within three years" thereafter unless the bond order is repealed or anticipation notes have been issued and are outstanding.

It would seem to be clear that this is a limitation upon the right to issue bonds authorized in an election held under the County Finance Act. G.S. Art. 9, Chap. 153. We may concede, without deciding, that, nothing else appearing, it is controlling here. Even so, the Legislature, by successive Acts, has extended the time within which bonds authorized under the provisions of the County Finance Act may be issued to July 1, 1949. Chap. 325, Session Laws 1943, Chap. 402, Session Laws 1945, Chap. 510, Session Laws 1947.

A right or remedy, once barred by a statute of limitations, may not be revived by an Act of the General Assembly. *Johnson v. Winslow,* 63 N.C. 552; *Whitehurst v. Dey,* 90 N.C. 542; *Wilkes County v. Forester,* 204 N.C. 163, 167 S.E. 691; Annos. 36 A.L.R. 1316, 67 A.L.R. 297, 133 A.L.R. 384; 34 A.J. 37. But the Legislature may extend at will the time within which a right may be asserted or a remedy invoked so long as it is not already barred by an existing statute. *Johnson v. Winslow, supra; Pearsall v. Kenan,* 79 N.C. 472; *Tucker v. Baker,* 94 N.C. 162; *Vanderbilt v. R. R.,* 188 N.C. 568, 125 S.E. 387; Anno. 46 A.L.R. 1101; 34 A.J. 35, 37.

It follows that, even if G.S. 153-102 applies here, the time within which the bonds may be marketed has been extended and has not yet expired.

It is the duty of the Court to determine only whether defendants have the legal right to devote the proceeds of the bonds to the purposes now proposed. So long as their action is not arbitrary, capricious, or in disregard of law, the Court is not concerned with the wisdom of the course they intend to pursue. *Pue v. Hood, Comr.,* 222 N.C. 310, 22 S.E. 2d 896; *Atkins v. McAden,* 229 N.C. 752.

It is not charged that defendants have acted arbitrarily or capriciously. It is asserted only that the proposed use of the fund is not authorized and would constitute an unwarranted diversion thereof to purposes other than those authorized by the bond resolution.

The statute, Chap. 559, sec. 3, P.L.L. 1935, authorizes an election "for the purpose of voting upon the question of issuing bonds . . . for the purpose of acquiring, erecting, enlarging, altering, and equipping school buildings and purchasing sites in such district or unit, or for any one or more of said purposes." But the bond resolution and the published notice of election do not state that the proceeds of the bonds are to be used for these broad and comprehensive purposes. They are proposed only "for the purpose of erecting and equipping new school buildings and purchasing sites therefor." In this connection it is admitted that it was the purpose of the Board at the time to erect a new high school building, and that this purpose was generally publicized during the pre-election campaign.

While the defendants have a limited authority, under certain conditions, to transfer or allocate funds from one project to another, *included within the general purpose for which bonds are authorized,* the transfer must be to a project included in the general purpose as stated in the bond resolution and notice of election. *Atkins v. McAden, supra.* The funds may be diverted to the proposed purposes only in the event the defendant Board of Commissioners finds in good faith that conditions have so changed since the bonds were authorized that the proceeds therefrom are no longer needed for the original purpose.

In view of the fact the defendants now propose to erect a new elementary school building and to retain thirty per cent of the fund to be used in erecting a high school building, and assert that they plan another bond resolution and election to raise additional funds for that purpose, it would seem such a finding cannot now be made in good faith.

The law is founded on the principle of fair play, and fair play demands that defendants keep faith with the electors of the district and use the proceeds for the purpose for which the bonds were authorized—the erection and equipment of new buildings and the purchase of sites therefor.

We conclude that defendants are authorized to issue and sell the proposed bonds which, when sold, will constitute valid obligations of the district, but that the proceeds derived therefrom must be used for the purpose indicated. Use thereof for any other purpose would constitute an unauthorized diversion against which plaintiff is entitled to injunctive relief.

The cause is remanded for judgment accordant with this opinion.

Modified and affirmed.