R. M. MAULDIN, MRS. EMILY H. BELLOWS, J. G. CHRISTIAN, JR.,
JAMES H. GLENN, JOHN P. HOBSON, HERBERT SPAUGH AND F. O.
ROBERTS, MEMBERS OF THE BOARD OF SCHOOL COMMISSIONERS
OF THE CITY OF CHARLOTTE, AND THE BOARD OF SCHOOL COM-
MISSIONERS OF THE CITY OF CHARLOTTE v. S. Y. McADEN, J.
CALDWELL McDONALD, SANDY G. PORTER, J. CARL McEWEN AND
E. A. BEATY, MEMBERS OF THE BOARD OF COUNTY COMMISSIONERS
OF MECKLENBURG COUNTY.

(Filed 21 November, 1951.)

**Schools § 10h—School authorities have limited discretion to reallocate
funds in accord with general purposes stated in bond order and notice.**

Where the bond order and notice of election for school bonds list the
erection of a senior high school in a section of the city, the plans for which
include a physical educational plant for use of the pupils of that school
and also the pupils of a junior high school in the vicinity, *held* the Board
of County Commissioners upon proper findings has the discretionary power
to authorize the diversion of a portion of the funds for the erection of a
physical educational plant at the junior high school so that each school
would have a physical educational plant suitable for its own pupils, the
reallocation of the funds being in accord with the general purposes stated
in the bond resolution and notice. G.S. 153-107.

APPEAL by defendants from *Bobbitt, J.,* in Chambers, 6 October, 1951,
MECKLENBURG. Affirmed.

The plaintiffs constituting the Board of School Commissioners of the
City of Charlotte instituted this action under the Declaratory Judgment
Act to determine the right of the parties to allocate and use a portion of
the funds derived from Mecklenburg County School Building Bonds for
the erection of a physical education building on the grounds of West
Charlotte Junior-Senior High School.

By consent of all parties on the facts admitted in the pleadings Judge
Bobbitt rendered the following judgment:

"This action involves use and application of the proceeds of an issue
of $5,325,000 Mecklenburg County School Building Bonds authorized
by a bond order finally adopted on August 21, 1950, and thereafter ap-
proved by a vote of the people at an election held on September 30, 1950.
The validity of the bonds is not in question. Of the total proceeds of the
said bonds, $3,555,000 was allocated for use within the Charlotte City
administrative unit and the balance for use by the Board of Education
of Mecklenburg County without the said city. The bond order author-
izing the bonds and the notice of election thereon held pursuant thereto
listed eleven proposed school improvements or projects within the City
of Charlotte, among which was the erection and equipment of a senior
high school for negroes in the northwest section of the City of Charlotte

in the Double Oaks area. Neither the bond order nor the notice of election mentioned or made any provision for any additions to the present West Charlotte Junior-Senior High School for negroes, which is located in the northwest section of the City of Charlotte, approximately one-quarter of a mile from the site acquired for the erection of the senior high school for negroes in the Double Oaks area. The precise question involved is whether the Board of Commissioners of Mecklenburg County has the right to permit the City School Board to use $200,000.00 of the proceeds of the said bonds in the erection and equipment of a physical education building at the site or on the campus of the said West Charlotte Junior-Senior High School. The determinative facts appearing of record are as follows:

"1. Subsequent to the authorization of the said bonds, the School Commissioners of the City of Charlotte allocated $1,109,000.00 of the City's share of the bond proceeds for the building and erection of the proposed senior high school for negroes in the Double Oaks area in the northwest section of said city, including the erection and equipment of a physical education building designed so as to be large enough to accommodate and furnish physical education facilities to the pupils at both the said new senior high school for negroes and the old West Charlotte Junior-Senior High School, which upon completion of the new senior high school would be converted to a Junior High School. After having made such original or tentative allocation of $1,109,000.00 for the new senior high school, the School Commissioners of the City of Charlotte have duly adopted a resolution finding and determining that it would be for the best interests of the educational program in the City of Charlotte and of the colored patrons in the northwest section of the said City that the proposed physical education building at the new senior high school be reduced to such a size as to accommodate only the pupils at the senior high school and that a physical education building be erected on the campus or at the site of the old West Charlotte Junior-Senior High School of sufficient size to accommodate pupils at that school; and to that end that $200,000.00 should be deducted from the allocation made for the new senior high school and that amount used for the erection and equipment of a physical education building at the old West Charlotte Junior-Senior High School for negroes. This action of the School Commissioners of the City of Charlotte was based on their findings and determinations that it would best serve the educational requirements of the area in question to avoid having to take the pupils from the Junior High School one-quarter of a mile to the Senior High School for physical education, and further that it was to the best interests of all of the pupils involved that the pupils at the two schools of different ages should be separately instructed in physical education. There being no allegation, suggestion or presumption to

the contrary, the Court finds that the findings and determinations of the School Commissioners of the City of Charlotte as hereinbefore set forth and as fully set forth in the resolution adopted by the School Commissioners of the City of Charlotte, a copy of which is attached to the complaint, marked Exhibit B, were made by the said School Commissioners in their administrative discretion and without being influenced by improper motives but in good faith and without misconduct on their part.

"2. In their aforesaid resolution which was duly presented to the Board of Commissioners of Mecklenburg County, the School Commissioners of the City of Charlotte requested the Board of Commissioners of Mecklenburg County to allow and permit them to use and apply $200,000.00 of the City's portion of the bond issue in question in the erection and equipment of a physical education building at the site or on the campus of the present West Charlotte Junior-Senior High School for negroes. The Board of Commissioners of Mecklenburg County adopted a resolution, a copy of which is attached to the complaint and marked Exhibit C, upon consideration of the said resolution found and determined that the facts therein set forth as found by the City School Board were correct and true, but further found that neither in the original bond order nor in the notice of election held pursuant thereto was any mention made of any building or improvements at the site or upon the campus of said West Charlotte Junior-Senior High School, by reason of which fact and having taken legal advice, the Board of Commissioners of Mecklenburg County were of the opinion that they were without legal right to accede to the request of the School Commissioners of the City of Charlotte and refused to permit the reallocation of the said funds as requested, basing its refusal purely upon the fact that it had no legal right so to do.

"3. The Court finds as an inference of fact from the record that the erection and equipment of a physical education building on the campus or at the site of the present West Charlotte Junior-Senior High School will serve the interests of the patrons of the junior and senior high schools for negroes in the northwest section of the City of Charlotte and is within the general purposes and purview of the bond order pursuant to which the bonds are to be issued.

CONCLUSIONS OF LAW.

"Taking as true the allegations and admissions of the complaint and answer in this cause, the Court is of opinion that the Board of Commissioners of Mecklenburg County has the legal right to allow and permit the School Commissioners of the City of Charlotte to use and expend $200,000.00 of the City's share of said bond fund in the erection and equipment of a physical education building at the site or on the campus

of the present Junior-Senior High School for negroes, which upon completion of the new senior high school will be converted into a Junior High School.

"Wherefore, such being the opinion of the Court, it is adjudged and decreed that the defendants, constituting the Board of Commissioners for Mecklenburg County, be, and they hereby are, directed, authorized and empowered to authorize and permit the School Commissioners of the City of Charlotte to use and expend up to the sum of $200,000.00 of the City's share of the proceeds of the bonds in question, heretofore tentatively allocated to the senior high school for negroes in the Double Oaks area, in building and equipping a physical education building at the site or on the campus of said present West Charlotte Junior-Senior High School for negroes, if upon investigation the Board of Commissioners for Mecklenburg County shall find and determine that the proposed expenditure is not excessive, is necessary to maintain the constitutional six months school term in the City of Charlotte, that funds are not otherwise available for said undertaking and that such course will best subserve and promote the educational program of the Junior and Senior negro students in the northwest section of the City of Charlotte."

To the foregoing judgment the defendants noted exception and appealed.

*Brock Barkley for plaintiffs, appellees.*
*Taliaferro, Clarkson & Grier for defendants, appellants.*

DEVIN, C. J. The defendants, who constitute the Board of County Commissioners of Mecklenburg County, having some doubt as to their legal power to authorize the reallocation of the funds as requested by the Board of School Commissioners, bring the case here for review.

The underlying facts fully set out in the judgment of Judge Bobbitt are sufficient, we think, to justify the reallocation of $200,000.00 of the funds derived from the sale of County School Building Bonds for the erection of physical education building on the grounds of the present West Charlotte Junior-Senior High School. The reasons for the reallocation are stated in the resolution of the Plaintiff Board and are convincing. We regard the departure from the original proposals and allocations contained in the Bond Resolution and advertisement as immaterial and not of the substance.

This view is supported by the decision of this Court in *Feezor v. Siceloff*, 232 N.C. 563, 61 S.E. 2d 714, where it was said, *Justice Denny* speaking for the Court, "The question before us does not involve any change of purpose for which the school bonds were issued, but only a change in the manner and method of accomplishing that purpose." The

judgment below is also in line with what was said by this Court in *Atkins v. McAden,* 229 N.C. 752, 51 S.E. 2d 484: "But G.S. 153-107, in our opinion, does not place a limitation upon the legal right to transfer or allocate funds from one project to another included within the general purpose for which bonds were issued."

In the case at bar the general purpose was the erection of a senior high school for negro children in Double Oaks area. This would include a physical education building. The erection of the senior high school building would permit the present Junior-Senior High School building in the same locality to become the Junior High School, and the erection of a portion of the physical education facilities on the grounds of the Junior High School for the reasons set out would seem to be not out of line with the general purposes of the bond issue. On the contrary, the reallocation of funds as proposed would be in accord with the general purposes stated in the bond resolution and notice.

In *Waldrop v. Hodges,* 230 N.C. 370, 53 S.E. 2d 263, where bonds had been issued for the purpose of erecting new school buildings and purchasing sites therefor in the district, it was proposed to use 70% of the bond proceeds for the purpose of enlarging elementary school buildings and to hold 30% to be used in connection with a contemplated future bond issue for the erection of a new high school building. It was held this would constitute an unauthorized diversion from the purpose for which the bonds were voted. It was said in the opinion written for the Court by *Justice Barnhill,* that "While the defendants have a limited authority, under certain conditions, to transfer or allocate funds from one project to another, included within the general purpose for which bonds are authorized, the transfer must be to a project included in the general purpose as stated in the bond resolution and notice of election."

In the last case on this subject considered by this Court, *Gore v. Columbus County,* 232 N.C. 636, 61 S.E. 2d 890, the same principle was applied to the facts of that case. There the bond issue was for erecting, remodeling and enlarging school buildings and in the bond statement and in pre-election notice certain improvements in the school buildings of two named districts were specified. Later, on the basis of a survey it was proposed to use the funds allocated to these schools for the erection of a single high school building to serve both districts in lieu of remodeling and enlarging the existing buildings. It was held the facts found were insufficient to justify reallocation of bond funds for that purpose, unless it should be found that by reason of changed conditions the original projects were no longer needed, and that the proposed building would eliminate the necessity for the improvements originally contemplated.

It is true in our case the diversion of a portion of the funds is to a school not specifically mentioned in the bond order, but it is in the same

locality and the funds are to be deducted from those originally allocated to the Senior High School and are to be used to serve the same purpose for the same patrons in a manner thought to be advantageous. The school authorities are not without limited discretion in the matter, and we think its exercise in this instance for the reasons set out in the judgment may not be successfully attacked.

It is not suggested that the voters of this area have been dealt with unfairly, or that any improper motive is being served. Provision is made in the judgment that the authorization of the reallocation requested be based upon proper findings, in accord with the decision of this Court in *Gore v. Columbus County, supra.*

We conclude that the judgment empowering the Board of County Commissioners, upon proper findings by the Board, to permit the expenditure of $200,000 of the proceeds of the school building bonds referred to, for the purposes set out in the resolution of the Board of School Commissioners of the City of Charlotte, should be affirmed, and it is so ordered.

Judgment affirmed.