BLAKE C. LEWIS, A RESIDENT AND TAXPAYER OF BEAUFORT COUNTY, IN HIS OWN INTEREST AND IN THE INTEREST OF ALL OTHER RESIDENTS AND TAXPAYERS OF BEAUFORT COUNTY, WHO MAY MAKE THEMSELVES PARTIES TO THIS ACTION V. BEAUFORT COUNTY, A. D. SWINDELL. W. A. MAGEE, JR., JULIAN S. CUTLER, ALTON CAYTON AND SAM T. MOORE, CONSTITUTING THE BOARD OF COMMISSIONERS OF BEAUFORT COUNTY, THE FIRST NAMED BEING CHAIRMAN OF THE BOARD OF COMMISSIONERS, AND W. A. BLOUNT, JR., COUNTY ACCOUNTANT.

(Filed 25 February, 1959.)

**Hospitals § 2:    Taxation § 10½—**

> Where a bond order, approved by the voters of the county, authorizes the issuance of bonds in an aggregate amount to finance a new building or buildings to be used as a public hospital and the acquisition of a suitable site therefor, the use of the proceeds of the bonds is limited by the bond order, and the county may not use the surplus left after completing the project contemplated in the bond order toward the construction of a clinic in another municipality of the county.

RODMAN, J., took no part in the consideration or decision of this case.

APPEAL by defendants from *Stevens, J.,* December Term, 1958, of BEAUFORT.

Plaintiff, a resident and taxpayer, brought this action to enjoin defendants from using any part of the proceeds of $650,000.00 of Beaufort County Hospital Bonds for the construction of a clinic in the Town of Aurora.

Upon waiver of jury trial, the court found the facts; and defendants do not challenge any of the findings of fact set forth in the judgment.

At an election held June 4, 1955, the electors of Beaufort County approved a bond order adopted by the Board of Commissioners on April 18, 1955, and thereby authorized the issuance of Beaufort County bonds "of the maximum aggregate principal amount of $650,000 to finance the erection and equipment of a new building or buildings to be used as a public hospital, and the acquisition of a suitable site therefor," and in addition authorized (1) the levy of an annual tax sufficient to pay the principal and interest thereof, and (2) the levy of a special tax not exceeding ten cents annually upon each one hundred dollars assessed valuation of taxable property "to finance the cost of operating, equipping, and maintaining a public hospital for the use of the inhabitants of said County."

Beaufort County acquired a site near Washington, N. C. A fully equipped hospital, now in operation, has been erected thereon. The hospital has been fully paid for out of the proceeds of hospital bonds so authorized and of a bond anticipation note, "together with other funds contributed to the defendants by the Federal Government or its agencies and by others."

A surplus of more than $14,000.00 of the hospital bonds so authorized remain unissued.

On October 6, 1958, the Board of Commissioners adopted the following resolution:

"That up to $14,000 of the proceeds of the Beaufort County Hospital Bonds be used and expended for the purpose of constructing a clinic in the Town of Aurora, to serve Aurora and the adjoining area as a medical facility, the clinic to be under the supervision and control of the governing body of the Beaufort County Hospital, title to the land and building of the clinic to be in Beaufort County."

The Town of Aurora, a municipal corporation, is in Beaufort County, located about thirty miles from Washington, N. C.

Judge Stevens, concluding as a matter of law that "the use of funds from the issuance of the hospital bonds or any part thereof for the construction of a clinic in the Town of Aurora will constitute

a material variance from the wording and meaning of the bond order itself," enjoined defendants from making such use thereof.

Defendants excepted and appealed.

L. E. Mercer for plaintiff, appellee.
L. H. Ross for defendants, appellants.

Bobbitt, J.  Judge Stevens held that "the issuance of the hospital bonds under the authority of the bond order and said election for the procurement of a site and the erection of buildings for a general hospital in Beaufort County was in every respect regular and valid." The findings of fact show compliance with G.S. 153-77 et seq.

The proposition approved by the electors on June 4, 1955, as indicated above, and similar provisions in the bond order, indicate plainly that the sole purpose of the bond issue was to acquire a suitable site and to erect and equip a hospital thereon.

The bond order is based on the determination by the Board of Commissioners that "in order to provide an adequate public hospital for the inhabitants of said County, it will be necessary to erect and equip a new building or buildings to be used as a public hospital and acquire a suitable site therefor, and that it will be necessary to expend for such purpose not less than $650,000, in addition to any funds which may be contributed by the Federal Government or any of its agencies or by others."

The project for which the bonds were authorized has been fully completed. To accomplish the sole purpose for which the bonds were authorized, it was not necessary to issue the maximum of $650,000.00.

The construction of a clinic in Aurora is not a project in lieu of that originally contemplated. Here, no transfer or reallocation of funds from one project to another on account of changed conditions, to accomplish the general purpose of the bond issue, is involved. The proposal to construct the clinic in Aurora is an additional project.

An entirely different question was presented to this Court in Mauldin v. McAden, 234 N.C. 501, 67 S.E. 2d 647, and Gore v. Columbus County, 232 N.C. 636, 61 S.E. 2d 890, and Feezor v. Siceloff, 232 N.C. 563, 61 S.E. 2d 714, and Waldrop v. Hodges, 230 N. C. 370, 53 S. E. 2d 263, and Atkins v. McAden, 229 N. C. 752, 51 S. E. 2d 484.  In those cases, decision turned on whether subsequent findings in the light of changing educational needs warranted the transfer or reallocation of funds from one project to another within the general purpose (school plant facilities) for which the bonds were authorized.

As stated by Barnhill, J. (later C. J.), in Waldrop v. Hodges, supra:

"While the defendants have a limited authority, under certain conditions, to transfer or allocate funds from one project to another, *included within the general purpose for which bonds are authorized*, the transfer must be to a project included in the general purpose as stated in the bond resolution and notice of election."

In *Worley v. Johnston County*, 231 N.C. 592, 58 S.E. 2d 99, this Court upheld the use of an unexpended surplus of $36,000.00 (of a hospital bond issue of $275,000.00) for the erection *on the hospital grounds* of a building to provide housing for nursing, technical and other hospital service, for use *in connection with the main hospital building*. Such separate building was considered an integral part of the hospital plant.

In *Rider v. Lenoir County*, 236 N.C. 620, 73 S.E. 2d 913, the electors, approving a bond order, authorized a maximum of $465,000.00 of hospital bonds. The bond order contained a declaration or representation that "it will be necessary to expend for such purpose not to exceed $465,000.00 in addition to any funds which may be contributed by the Federal Government or any of its agencies or by other persons or associations." This Court held that the authority conferred contemplated that no more than $465,000.00 of county funds would be expended for such purpose and that the Board of Commissioners had no authority to appropriate $138,713.80 of unallocated nontax moneys *to supplement* the proceeds of the $465,000.00 bond issue.

Here, when the electors authorized the maximum of $650,000.00 of hospital bonds, the clear import of the words used was that Beaufort County, within the specified limitation, would issue the amount of bonds necessary to obtain funds to accomplish the declared purpose.

As stated by *Barnhill, J.* (later C. J.), in *Parker v. Anson County*, 237 N.C. 78, 87, 74 S.E. 2d 338: "Fair play demands that defendants keep faith with the electors and use the proceeds for the purposes for which the bonds were authorized, *Waldrop v. Hodges, supra*, unless some sound and compelling reason is made to appear why the original plan should be modified or one of the projects included therein should be abandoned."

If and when authorized as provided in G.S. 153-77 *et seq.*, (G.S. 153-77(d), G.S. 131-126.18(c)) Beaufort County may issue bonds and use the proceeds thereof for the construction of a clinic in Aurora; but it may not use therefor any part of the proceeds of bonds authorized for a different (completed) project.

In our opinion, Judge Stevens' ruling was correct. Hence, the judgment is affirmed.

Affirmed.

RODMAN, J., took no part in the consideration or decision of this case.