S. H. VENABLE v. SCHOOL COMMITTEE OF PILOT MOUNTAIN.

(Filed 19 November, 1908).

1. School Committee—Change of Location of School—Discretion.

The question of changing the location of a schoolhouse is one vested by statute in the sound discretion of the school committee, and their action therein cannot be restrained by the Courts, unless in violation of some provision of law, or the committee is influenced by improper motives, or there is misconduct on their part.

2. Same—Evidence.

An order restraining the action of a school committee in accepting a proposition for a change of site of a schoolhouse in a town, should be dissolved when it is shown to be in accordance with the wishes of a majority of its patrons, and to the best interests of the school. No improper motive or misconduct is evidenced by members of the committee subscribing to the purchase price of the new location, reasonably valued at $400, in exchange for which the old site, reasonably valued at $300, was to be given, as such would, in effect, be a donation of $100 for the purpose of effecting the desired change; or by the fact that a brother of a member of the committee was a part owner of the new site.

ACTION from SURRY, heard on motion to dissolve restraining order, heard before *Jones, J.*, at chambers, in Winston, 14 August, 1908. Plaintiff appealed.

*L. M. Swink* for plaintiff.
*Lindsay Patterson* for defendant.

CLARK, C. J. The school building at Pilot Mountain was burnt down. It stood on a four acre lot on the edge of town. A large majority of the citizens (four-fifths) presented a petition to the defendant, asking that the new building be erected near the center of the town, on a lot of one acre, which could be bought for $400. It was proposed to raise the $400 by popular subscription and convey the new lot to the School Committee, provided the latter would convey the old lot to the donors in exchange. The value of the old lot was estimated to be $300, the transaction being practically a contribution of $100 by those desiring a change of site.

Those opposing the change of site procured a temporary restraining order, alleging that three of the defendant board were interested in having the exchange of lots made. On a motion to dissolve the restraining order, the motion was allowed, the Court finding as facts that the site of the school was changed, upon petition of about four-fifths of the citizens of Pilot Mountain, to the new lot near the center of the town, which was bought for $400, to be conveyed to the School Committee in exchange for the old lot; that one member of the School Committee contributed $20 to raising the $400 to buy the new lot, that no other member of the defendant committee contributed, though the brother of one of the others subscribed $75 towards the purchase of the new lot, and the brother of another member subscribed $30, and was owner of part of the new lot which is to be conveyed to the School Committee upon payment for it out of the $400 fund to be raised by the citizens for that purpose.

The Court found as a fact that there was "no fraud or collusion on the part of the committee, and that the members of the defendant committee have no financial interest in the change from the old site to the new, except as above stated, and that the change of sites is in accordance with the wishes of a majority of the patrons of the school and to the best interests of the school."

This is a contest between those favoring and those opposing the removal of the school and rebuilding it on a new site. The rebuilding of the school and the change of site are matters vested by the statute in the sound discretion of the School Committee, and not to be restrained by the courts, unless in violation of some provision of law (*Pickles v. County Board,* at this term) or the committee is influenced by improper motives or there is misconduct on their part. *Smith v. School Trustees,* 141 N. C., 160. The Court below having found that there was no fraud or collusion, that the change of site was in accordance with the wishes of a majority of

the patrons of the school and to the best interests of the school, this Court cannot reverse that judgment or interfere with the removal, unless we could find that, upon the evidence or on the facts found, there was fraud or collusion. In a matter of this kind (injunction), we are not bound by the facts found by the Judge, but can review the evidence ourselves.

The Courts are astute to impeach and invalidate any transaction where an official has any personal interest whatever in the matter decided by him. The very "appearance of evil" must be avoided. But here, the fact that the brothers of two of the committee contributed to the purchase of the new site cannot be held *per se* any interest invalidating the action of the board, in the absence of any evidence whatever that they influenced any member of the board. The affidavits for plaintiffs are chiefly as to disadvantages of removal, which is a matter for the defendant. There is nothing to authorize a finding that the old lot was worth more than $300, or that the new lot was worth less than $400, or that any member of the committee had any financial interest whatever in the exchange of lots. In a small town the raising of $400 to buy the new lot could hardly have been possible if every one related to either of the five members of the School Committee was prohibited from contributing. As the new lot conveyed to the School Committee required the raising of $400 cash, and the old lot worth $300 (and there is no evidence or finding impeaching these values) was conveyed in exchange, it cannot be seen how the contribution by one member of the board of $20 towards the purchase of the lot to be donated to the board created any interest invalidating the action of the board. The transaction was practically a sale of the old lot worth $300 for its full value, and the investment of that money and $100 more donated by citizens in the purchase of the new lot at $400, its fair value, or it was the sale of a

$300 lot for $400 cash and its investment in the new lot. The contributor of $20 was not profiting, but giving.

The judgment dissolving the restraining order is Affirmed.