CITY OF ALBEMARLE v. SECURITY BANK AND TRUST COMPANY AND
STANLY COUNTY

No. 9120SC387

(Filed 7 April 1992)

1. **Eminent Domain § 235 (NCI4th)— action to acquire property
   for intersection—DOT—not a necessary party**

   The trial court did not err by denying defendant's motion
   to dismiss for failure to join DOT as a necessary party in
   an action by a municipality to acquire property to realign
   two intersections into a single intersection because a municipali-
   ty is vested under N.C.G.S. § 136-66.3(g) with the same authori-
   ty to acquire rights-of-way for any state highway system as
   is granted DOT. Also, N.C.G.S. § 136-66.3(j) provides that the
   municipality is a proper party to any court proceeding regard-
   ing the acquisition of a right-of-way when the municipality
   agrees to contribute to part of the cost of acquisition of a
   right-of-way for the state highway system. Furthermore, the
   absence of a necessary party does not merit dismissal of the
   action.

   **Am Jur 2d, Eminent Domain §§ 45, 390.**

2. **Eminent Domain § 20 (NCI4th)— taking for intersection—
   conflict of interest by city council members**

   There was no abuse of discretion in the taking of property
   by a municipality to realign an intersection where three
   members of the city council were employed by financial institu-
   tions in direct competition with defendant. Defendant admits
   that these council members did not have a direct pecuniary
   interest in the property.

   **Am Jur 2d, Eminent Domain § 403.**

   Chief Judge HEDRICK concurring.

APPEAL by defendant Security Bank and Trust Company from
order entered 14 February 1991 by *Judge William H. Helms* in
STANLY County Superior Court. Heard in the Court of Appeals
17 February 1992.

The City of Albemarle (plaintiff) commenced this action on
18 May 1990 in order to acquire by eminent domain certain property

owned by Security Bank and Trust (defendant). This property is to be used to realign two separate traffic intersections and create a single intersection. Funding for the project is provided in part by the Department of Transportation (DOT) through the Small Urban Improvements Program.

The project route which impacts defendant's property was first recommended by DOT in 1988 and adopted shortly thereafter by plaintiff. In December 1989, DOT requested that plaintiff consider an alternative route. Plaintiff's city council declined to accept DOT's second recommendation and selected the original route proposed in 1988.

On 17 August 1990, defendant moved to dismiss this action for failure to join DOT as a necessary party to the action. On 28 September 1990, the trial court denied this motion. Defendant also asserted that at least three members of plaintiff's city council had substantial conflicts of interest when they voted to condemn defendant's property. In an order issued 14 February 1991, the trial court concluded plaintiff had acted within its authority and did not abuse its discretion in adopting a resolution to condemn a portion of defendant's property.

*Doby & Beaver, by Henry C. Doby, Jr., for plaintiff appellee.*

*Kluttz, Hamlin, Reamer, Blankenship and Kluttz, by Malcolm B. Blankenship, Jr., for defendant appellant.*

WALKER, Judge.

[1] Defendant first asserts the trial court erred in denying defendant's motion to dismiss for failure to join DOT as a necessary party pursuant to G.S. 136-66.3. In this case plaintiff and DOT entered into an agreement whereby this project would be undertaken through the Department's Small Urban Improvements Program to assist municipalities with traffic problems. Under this agreement the parties agreed to share in the cost of the acquisition of the necessary right-of-way for this project. Pursuant to G.S. 136-66.3(g) a municipality is vested with the same authority to acquire rights-of-way for any state highway system as is granted to DOT. In the acquisition of these rights-of-way the municipality may use the procedure provided for in Article 9 of Chapter 136. Further, this statute provides that the authority given to municipalities for the purpose of acquiring rights-of-way is in addi-

tion to any other authority given by local act or by other general statutes. Also, G.S. 136-66.3(j) provides that when the municipality agrees to contribute to part of the cost of acquisition of a right-of-way for the state highway system, then the municipality is a proper party to any court proceeding regarding the acquisition of such right-of-way. We do not find any authority requiring DOT to be a necessary party in this case where clearly the municipality is the proper and necessary party to acquire the right-of-way by eminent domain. Likewise, defendant has failed to cite any authority to the contrary.

Furthermore, we note that even if DOT was a necessary party, the trial court would not have erred in denying defendant's motion to dismiss. The absence of a necessary party under Rule 19, N.C. Rules of Civil Procedure, does not merit dismissal of the action. In *Rice v. Randolph*, 96 N.C.App. 112, 113, 384 S.E.2d 295, 297 (1989), this Court said:

> Necessary parties are those who have or claim material interests in the subject matter of a controversy, and those interests will be directly affected by an adjudication of the controversy. . . . When there is an absence of necessary parties, the trial court should correct the defect *ex mero motu* upon failure of a competent person to make a proper motion. . . . A judgment which is determinative of a claim arising in an action in which necessary parties have not been joined is null and void.

Therefore, if the trial court were to determine DOT was a necessary party, then the court should join DOT in the action, however the trial court correctly determined that DOT was not a necessary party and it did not err in denying defendant's motion to dismiss.

[2] In its final assignment of error, defendant contends the trial court erred in dismissing its defense that the vote of three members of the city council on this matter involved substantial conflicts of interest since they were employed by financial institutions in direct competition with defendant, and therefore they should have abstained from voting. The three council members in question held positions of Director, Assistant Vice President, and Branch Manager in other area financial institutions. The trial court found as fact that:

> [N]either of the council members, or the financial institutions with which they were associated, derived any benefit, privilege,

advantage, or enrichment from such vote and that defendant Security Bank's competitive position in the business community will not be affected in any way by the condemnation. The Court further finds that . . . the interest of the respective council members . . . was too remote and infinitesimal to give rise to a conflict of interest.

Based upon these findings, the trial court determined that plaintiff's city council did not abuse its discretion in adopting the resolution to condemn a portion of defendant's property. Findings of fact are conclusive on appeal if there is evidence to support the findings. *Curl By and Through Curl v. Key*, 311 N.C. 259, 316 S.E.2d 272 (1984).

A city council's choice of a route, or the land to be condemned for a street, will not be reviewed on the ground that another route may have been more appropriate unless there has been an abuse of discretion. *City of Charlotte v. Neely*, 281 N.C. 684, 190 S.E.2d 179 (1972). An abuse of discretion can arise when a public official who votes to condemn the property has a direct and substantial interest in the subject matter of the condemnation. *See Kistler v. Board of Education of Randolph County*, 233 N.C. 400, 64 S.E.2d 403 (1951); *Venable v. School Committee of Pilot Mountain*, 149 N.C. 120, 62 S.E. 902 (1908). A "direct and substantial interest" exists if the council member has a personal or pecuniary interest in the subject matter of the condemnation. *Id.*

In the case at bar, defendant admits these council members did not have a direct pecuniary interest in the property, but because they had direct ties to local competing financial institutions, they should have abstained from voting on this matter. Defendant also contends that G.S. 160A-75 would allow these members to be excused from voting on the grounds of direct or indirect financial interests. We disagree. G.S. 160A-75 provides that a member of a city council may not be excused from voting unless the vote concerns matters involving the council member's personal financial interest or official conduct. However, since the trial court found the interests of these council members to be too remote to give rise to a conflict of interest, we do not perceive that they could have been excused from voting on the issue.

As there exists no abuse of discretion, we may not concern ourselves with the wisdom of the municipality's chosen course of action. *Waldrop v. Hodges*, 230 N.C. 370, 53 S.E.2d 263 (1949).

Here, the findings and conclusions by the trial court support the dismissal of defendant's second and third defenses.

Affirmed.

Judge ORR concurs.

Chief Judge HEDRICK concurs with a separate opinion.

Chief Judge HEDRICK concurring.

I concur in the result reached by the majority, but I would vote to dismiss the appeal. Defendants have appealed from an order striking certain of their defenses. In the order appealed from, the trial court expressly stated:

> This cause is retained for further hearing upon the Third Defense set out in the answer of the Defendant Security Bank relating to the issue of damages suffered the defendant by the taking of its land.

Obviously, this is not a final judgment and does not deprive defendant of a substantial right within the meaning of G.S. 1-277. No good is served by our consideration of these fragmentary appeals.