CITY OF ASHEVILLE v. MORRIS

[133 N.C. App. 90 (1999)]

CITY OF ASHEVILLE, A NORTH CAROLINA MUNICIPAL CORPORATION, PLAINTIFF-APPELLEE V. FRANK W. MORRIS, RODNEY S. METCALF, THOMAS R. FRECK, JR., JAMES H. HALL, MICHAEL R. CLONTZ, GUY H. SHUFORD, RICK C. EMORY AND THE CITY OF ASHEVILLE CIVIL SERVICE BOARD, DEFENDANTS-APPELLANTS

No. COA98-1003

(Filed 20 April 1999)

**Administrative law— conflict of interest—recusal required**

The trial court correctly concluded that two members of a Civil Service Board should recuse themselves from a proceeding involving a pay plan for firefighters where one board member was married to a firefighter, the other had a son who was a firefighter and both faced the possibility of a pay loss.

Appeal by defendants from judgment entered 29 April 1998 by Sitton, J., in Superior Court, Buncombe County. Heard in the Court of Appeals 1 April 1999.

*Martha Walker-McGlohon, Assistant City Attorney, for plaintiff-appellee.*

*Cynthia C. Harbin, for defendants-respondents.*

WYNN, Judge.

Respondent firefighters are employed by the City of Asheville. Prior to 1996, these firefighters were provided, *inter alia,* two incentive pay programs: (1) they could receive a two-percent pay increase if they received certification as a Level I Fire Inspector, and (2) they could receive a three-percent pay increase if they received certification as an Emergency Medical Technician-D ("EMT-D"). Thus, collectively these programs provided firefighters with the opportunity to obtain a five-percent increase in their pay. All of the respondent firefighters have earned only one of these two pay incentives.

In 1995, a re-classification study recommended that Asheville make Level I Fire Inspector and EMT-D certifications mandatory, thereby abolishing the aforementioned incentive-pay programs. This study, however, also recommended that a five-percent pay increase accompany this change so that it would not adversely affect those firefighters who had already received both certifications. To protect those firefighters who had not already received both certifications, Asheville provided them with two options—obtain the certificates on

the next testing date or relinquish the five-percent increase in base pay. Essentially, any firefighter who had completed only one of the two certification programs was informed that unless he obtained the second certification, he would lose his pertinent two- or three-percent pay increase.

Consequently, respondents, who faced losing their pertinent two- or three-percent incentive pay, appealed to the Civil Service Board. After the appeal was filed, it was discovered that two of the five Board members may have conflicts of interest. Specifically, Board member Jane Knisley was married to an Asheville firefighter. Moreover, Board member Ken Edwards' son was not only a City of Asheville firefighter, but was also at one time a member of the grieving class. Asheville requested these two members recuse themselves from this matter, but both declined. Thereafter, the Board found that Asheville's plan to eliminate the incentive pay programs was not justified and directed the City to re-examine it. Asheville appealed to the Superior Court.

In granting Asheville's writ, the trial court instructed the parties to submit affidavits regarding the conflict of interest issue. Both parties obliged. Subsequently, Asheville moved to have some of the respondents' affidavits stricken on the basis that they were not based upon personal knowledge. This motion was set to be heard by Superior Court Judge Downs.

Prior to Superior Court Judge Downs' decision, a hearing regarding the substantive matters at issue was held by Superior Court Judge Sitton. At this hearing, no party asked for a continuance or objected to the matter proceeding at that point. Moreover, no party mentioned Judge Downs' pending hearing. After reviewing the pertinent evidence, Judge Sitton concluded that both Knisley and Edwards had a conflict of interest and remanded the matter to the Board for a new hearing. In so ruling, Judge Sitton specifically stated that because the conflict of interest issue was determinative, he did not need to resolve the issue of jurisdiction. It wasn't until after this ruling that Judge Downs decided to strike some of respondents' affidavits. This appeal ensued.

"A fair trial by an unbiased and non-partisan trier of the facts is of the essence of the adjudicatory process as well when the judging is done in an administrative proceeding by an administrative functionary as when it is done in a court by a judge." *Crump v. Board of Ed. of Hickory Admin. School Unit*, 326 N.C. 603, 622, 392 S.E.2d 579,

589 (1990) (quoting *NLRB v. Phelps*, 136 F.2d 562, 563 (5th Cir. 1943)). Accordingly, an individual with pecuniary interest in an administrative proceeding should not adjudicate that dispute. *See Tumey v. Ohio*, 273 U.S. 510, 71 L. Ed. 749 (1927). Further, the pecuniary interest need not be direct for the very "appearance of evil" must be avoided. *See Venable v. School Comm. of Pilot Mount.*, 149 N.C. 120, 121, 62 S.E. 902, 903 (1908). Therefore, whenever an individual has an interest in the outcome of a proceeding or there is a reasonable apprehension thereof, the individual should not adjudicate that proceeding.

In the case *sub judice*, the composition of the Board would make a reasonable person suspect that the Board was not wholly disinterested. Specifically, two of the Board members had apparent interests in the matter. Board member Knisely was married to a firefighter who would suffer a pay loss if he lost one of his two certifications. Further, Board member Edwards has a son who is a firefighter and faces the same possibility. Accordingly, we hold that the trial court correctly concluded that these members had a conflict with respect to this matter and should recuse themselves.

Additionally, we note that this ruling does not leave respondents without remedy. Specifically, three of the five members can still vote on this matter, and therefore a quorum can be convened.

Lastly, we note that the respondents contend that Judge Downs erred in striking their affidavits regarding the conflict of interest issue. Because we hold that a conflict of interest did exist, this argument is moot and therefore we need not address it.

Affirmed.

Judges WALKER and HUNTER concur.