**TURNAMICS, INC.; Gregory Patrick Justus; Patricia Lynn Justus; Ronald Parker; Trudy Parker; Harvey Speigel; and Sterling Trust Company, a Texas Corporation and Trustee for IRA Account 34287 of Gregory Patrick Justus, as Trustee only, Plaintiffs,**

v.

**ADVANCED ENVIROTECH SYSTEMS, INC., a Texas Corporation; Cambridge Financial Corporation, Inc., a Texas Corporation; Matthew Fleeger; Michael Moorhead; Lonn Smallwood; Beverly Fleeger; and Bruce Rocket, Defendants.**

**No. CIV. 1:98CV274.**

United States District Court,
W.D. North Carolina,
Asheville Division.

May 26, 1999.

582

Albert L. Sneed, Jr., Asheville, NC, for plaintiffs.

Matthew P. McGuire, Ann Meredith Barton, T. Thomas Cottingham, III, Hunton & Williams, Raleigh, NC, Mikel J. Bowers, Capshaw, Weiland, Goss & Bowers, L.L.P., Dallas, TX, for defendants.

### MEMORANDUM AND ORDER
### OF REMAND

THORNBURG, District Court J.

**THIS MATTER** is before the Court on the Plaintiffs' objections to the Memorandum and Recommendation of United States Magistrate Judge Max O. Cogburn, Jr. Pursuant to standing orders of designation and 28 U.S.C. § 636, the undersigned referred the Plaintiffs' motion to remand, the Defendants' motions to dismiss or, in the alternative, to transfer venue to the Magistrate Judge for a recommendation as to disposition. Plaintiffs timely filed objections to the Magistrate Judge's recommendation that the motion to remand be denied. Having conducted a *de novo* review of those portions of the Memorandum and Recommendation to which specific objections have been filed, the Court grants the Plaintiffs' motion to remand. 28 U.S.C. § 636(b).

In late November 1998, Plaintiffs brought suit in the General Court of Justice, Superior Court Division of Buncombe County, North Carolina, alleging violations of the North Carolina Securities Act, fraud and misrepresentation and negligent misrepresentation. At issue are representations made to induce the purchase of shares of Advanced Envirotech Systems, Inc., a corporation in the business of medical waste disposal. Defendants removed the action to federal court alleging diversi-

ty jurisdiction. Plaintiffs have moved to remand the case to state court, claiming a lack of diversity.

By statute, diversity jurisdiction exists in civil actions involving more than $75,000 between citizens of different states. 28 U.S.C. § 1332(a)(1). A corporation is deemed to be a citizen of the state in which it is incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). All of the Defendants are Texas residents. The Plaintiffs are residents of North and South Carolina with the exception of Sterling Trust Company (Sterling) which is a Texas corporation with no offices outside that state.

■ Despite the language of the diversity statute, "a federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy." *Navarro Sav. Ass'n v. Lee,* 446 U.S. 458, 461, 100 S.Ct. 1779, 64 L.Ed.2d 425 (1980). Defendants claim Sterling is only a nominal party which holds the IRA account of Plaintiff Gregory Justus. Plaintiffs argue Sterling is a real party in interest because it must represent the interests of the beneficiaries named in the trust.

■ Plaintiffs accurately note that Internal Revenue Service regulations require Individual Retirement Accounts to be placed in trust with a fiduciary or bank. See, *e.g.,* 26 C.F.R. § 1.408–2(e). And, here Sterling actually owns the stock issued from Advanced Envirotech Systems, Inc. The trust agreement with Sterling provides "that it is the individual's sole responsibility to manage the investment of this IRA; [ ] Sterling Trust has no responsibility to question any investment directions given by the individual regardless of the nature of the investment; [ ] Sterling Trust is in no way responsible for providing investment advice . . . ." Plaintiff's Exhibit A *attached to* Motion to Remand. However, if investment directions are not given, the Trustee is authorized to invest the contents of the IRA in a money

market account. *Id.* Based on this wording, the Defendants maintain Sterling is not a real party in interest, citing *Navarro, supra.*

That case, however, is inapposite because it involved an unincorporated business trust, not a corporate trustee as here. The issue in *Navarro* was whether the individual trustees could invoke diversity jurisdiction based on their citizenship rather than that of the beneficiaries of the trust. The Supreme Court held that a trustee is a real party to the controversy when he possesses customary powers "to hold, manage and dispose of assets for the benefit of others." *Navarro,* 446 U.S. at 464, 100 S.Ct. 1779. If such is the case, the trustee's citizenship instead of that of the beneficiaries is used to determine diversity jurisdiction.

However, the *Navarro* Court noted its ruling would be inapplicable in the context of corporate parties. *Id.,* at nn. 10, 11 ("When [persons suing by a corporate name] are said to be substantially the parties to the controversy, the court does not mean to liken it to the case of the trustee."). Ten years later, the Court noted the narrow holding in *Navarro* in *Carden v. Arkoma Assoc.,* 494 U.S. 185, 110 S.Ct. 1015, 108 L.Ed.2d 157 (1990), stating, "[t]hat case [*Navarro* ], however, did not involve the question whether a party that is an artificial entity other than a corporation can be considered a 'citizen' of a State, but the quite separate question whether parties that were undoubted 'citizens' [ ] were the real parties to the controversy." *Id.,* at 191, 110 S.Ct. 1015. Thus, contrary to the Defendants' position, *Navarro* does not control this case which involves a corporate trustee.

■ As previously noted, the diversity statute provides that a corporation is a citizen of any state in which it is incorporated and of the state where it has its principal place of business. The parties here do not dispute that Sterling is a Texas corporation. Plaintiffs' Motion to Remand. Thus, for purposes of the stat-

ute, Sterling is a Texas corporation, leaving the next issue of where it has its principal place of business. The parties also do not dispute that Sterling's principal place of business is in Waco, Texas, and that it has no offices located out of the state. *Id.* The Fourth Circuit uses two tests to determine the principal place of business of corporations: the "nerve center" and "place of operations" tests. *Peterson v. Cooley,* 142 F.3d 181, 184 (4th Cir.1998).

> The place of operations test presumes the existence of physical operations by which a corporation's presence in different states can be measured. As a result, the test is applied when a company has multiple centers of manufacturing, purchasing, or sales. By contrast, a corporation engaged primarily in the ownership and management of investment assets such as debt or equities is not really geographically bound. Because such corporations can readily transfer and move their investment assets, a jurisdictional test focusing on the location of operations makes little sense. [Sterling] is essentially a passive investment vehicle. [Plaintiff Justus' used it to allow his IRA account] to *acquire and own* the [stock]. Accordingly, [Sterling] does not have any manufacturing plants, purchasing centers, or sales facilities—the normal indicia of a corporation's place of operations. [Sterling] owns only the [stock] .... Given these facts, we believe that application of the place of operations test would be inappropriate.... Courts normally find the nerve center "where the activities of the corporation are controlled and directed," or "where its executive headquarters are located."

*Id.,* at 184–85 (citations omitted). Here, it is clear that Sterling's nerve center is in Texas. Moreover, even applying the place of operations test, Texas would be the corporate residence since in considering corporate activity, the Court must consider " 'whether it is active or passive and whether it is labor-intensive or management-demanding.' " *Id.* (citations omitted).

■ Thus, Sterling's Texas citizenship defeats diversity jurisdiction unless the Defendants can show it was fraudulently joined to defeat jurisdiction. "The burden of establishing federal jurisdiction is placed upon the party seeking removal. Because removal jurisdiction raises significant federalism concerns, we must strictly construe removal jurisdiction. If federal jurisdiction is doubtful, a remand is necessary." *Mulcahey v. Columbia Organic Chem. Co., Inc.,* 29 F.3d 148, 151 (4th Cir.1994). In order to prove fraudulent joinder, the Defendants must demonstrate either that Sterling has no cause of action against any Defendant or Plaintiffs engaged in outright fraud in making their jurisdictional allegations.[1] *Marshall v. Manville Sales Corp.,* 6 F.3d 229, 232–33 (4th Cir.1993). In making these determinations, all issues of fact and law are resolved in the Plaintiffs' favor. *Id.* "[A] joinder is fraudulent if 'there [is] no real intention to get a[ ] judgment, and ... there [is] no colorable ground for so claiming.' " *AIDS Counseling & Testing Centers v. Group W Television, Inc.,* 903 F.2d 1000, 1003 (4th Cir.1990).

■ Defendants cannot meet either test. Clearly, Sterling has a claim against the Defendants on behalf of its beneficiary, Gregory Justus. The language of the trust agreement does not prohibit Sterling from doing so and it has filed an affidavit explaining that oral permission to initiate an action in its name was given. The fact that it was not obligated to litigate on behalf of its beneficiary does not preclude it from doing so. Nor has there been any fraud in the jurisdictional pleading of the complaint; Plaintiffs initiated this action in

---

1. The allegation of fraudulent joinder usually arises in the context of a defendant. The Court assumes the same test would be used when the allegation is that a plaintiff has been fraudulently joined.

state court and clearly alleged Sterling's Texas citizenship.

Thus, the only manner in which Defendants may avoid remand is by showing that Sterling is a nominal party. A nominal party has no personal stake in the outcome of the litigation and is not necessary to an ultimate resolution. *Birnbaum v. SL & B Optical Centers, Inc.,* 905 F.Supp. 267, 271 (D.Md.1995). A party is necessary if, in his absence, complete relief cannot be given. *Schlumberger Indus., Inc. v. Nat'l Sur. Corp.,* 36 F.3d 1274, 1287 (4th Cir.1994). "Necessary parties are those who have or claim material interests in the subject matter of a controversy, and those interests will be directly affected by an adjudication of the controversy." *City of Albemarle v. Security Bank & Trust Co.,* 106 N.C.App. 75, 77, 415 S.E.2d 96, 98 (1992). Sterling is compensated by collecting trustee's fees on an annual basis. Plaintiffs' Exhibit A, *attached to* Motion to Remand. Those fees increase as the market value of the account increases. *Id.* The value of the stock may be impacted by the litigation at issue; this obviously impacts the trustee's fee. Thus, the Court cannot say that Sterling is not personally interested in the outcome of the litigation.

Taking heed of the Fourth Circuit's instruction that courts "must strictly construe removal jurisdiction," the undersigned concludes this matter should be remanded to state court.

**IT IS, THEREFORE, ORDERED** that the Plaintiffs' motion to remand is **GRANTED,** and this matter is hereby **REMANDED** to the General Court of Justice, Superior Court Division of Buncombe County, North Carolina; and

**IT IS FURTHER ORDERED** that the Defendants' motions to dismiss or, in the alternative, to transfer venue are hereby **DENIED** as moot.