**Nell MAGRUDER, Plaintiff,**

v.

**SCOPE SERVICES, INC., Defendant.**

**No. 1:03CV43–C.**

United States District Court,
W.D. North Carolina.
Asheville Division.

Sept. 11, 2003.

Allan P. Root, Root & Root, Weaverville, NC, for Plaintiff.

Amy K. Reynolds, Kilpatrick Stockton LLP, Charlotte, NC, Marylin Elizabeth Culp, Nicole E. Bourget, Littler Mendelson, P.C., Charlotte, NC, for Defendant.

## MEMORANDUM OF DECISION AND ORDER

COGBURN, United States Magistrate Judge.

**THIS MATTER** is before the Court on Plaintiff's Motion to Remand. Upon consideration of the parties' briefs, the argument of counsel, and the applicable law, the Court will deny Plaintiff's motion.

### FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed this action on July 29, 2002 in the Superior Court of Henderson County, North Carolina, alleging that Defendant Scope Services, Inc. terminated her employment in retaliation for filing a workers' compensation claim in violation of North Carolina's Retaliatory Employment Discrimination Act ("REDA"), N.C. Gen. Stat. § 95–240, *et seq.* Plaintiff also asserted a cause of action for wrongful discharge in violation of North Carolina public policy.

On February 20, 2003, Defendant removed the matter to this Court on the basis of diversity jurisdiction. On March 31, 2003, Plaintiff filed a motion to remand, arguing that this case could not be removed because it arises under the workers' compensation laws of the State of North Carolina. Defendant responded that Plaintiff's motion to remand was untimely. The Court conducted oral argument on the issue on July 2, 2003.

## DISCUSSION

■ As the Fourth Circuit has recognized, "[b]ecause removal jurisdiction raises significant federalism concerns, we must strictly construe removal jurisdiction." *Mulcahey v. Columbia Organic Chem. Co., Inc.,* 29 F.3d 148, 151 (4th Cir.1994). Accordingly, where "federal jurisdiction is doubtful, a remand is necessary." *Id.; see also Turnamics, Inc. v. Advanced Envirotech Sys., Inc.,* 54 F.Supp.2d 581, 584 (W.D.N.C.1999).

Title 28, Section 1441(a) of the United States Code provides generally that any civil action brought in a state court over which the district court would have original jurisdiction may be removed by the defendant. 28 U.S.C. § 1441(a). In this case, Defendant is relying upon 28 U.S.C. § 1332(a)(1), which provides that the district courts have original jurisdiction over all civil actions where the matter in controversy exceeds $75,000 and is between "citizens of different States." 28 U.S.C. § 1332(a)(1). Plaintiff argues, however, that this matter arises under the workers' compensation laws of North Carolina and may not, therefore, be removed as set forth in 28 U.S.C. § 1445(c). *See* 28 U.S.C. § 1445(c) ("A civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States."). Plaintiff notes that federal courts in North Carolina have previously held that an action under REDA "arises under" North Carolina's workers' compensation laws and that removal is generally barred by § 1445(c). *See Wiley v. United Parcel Serv.,* 227 F.Supp.2d 480, 488 (M.D.N.C.2002); *Arnett v. Leviton*

*Manuf., Inc.,* 174 F.Supp.2d 410, 417 (W.D.N.C.2001).

In this case, however, Plaintiff failed to file her motion to remand within the thirty days required under 28 U.S.C. § 1447(c), which provides:

> A motion to remand the case on the basis of any defect in removal procedure must be made within thirty days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

28 U.S.C. § 1447(c). As Defendant correctly notes, courts have uniformly held the improper removal of an action that arises under a state's workers' compensation law is not a matter of subject matter jurisdiction, but rather is a procedural defect in removal that must be asserted within thirty days of removal or the defect is waived. *See, e.g., Vasquez v. North County Transit Dist.,* 292 F.3d 1049, 1062 (9th Cir.2002); *Sherrod v. American Airlines, Inc.,* 132 F.3d 1112, 1117 (5th Cir.1998); *Ayers v. ARA Health Servs., Inc.,* 918 F.Supp. 143, 146 (D.Md.1995); *Bearden v. PNS Stores, Inc.,* 894 F.Supp. 1418, 1424 (D.Nev.1995). While there appears to be no published Fourth Circuit decision on the issue, the Fourth Circuit has held in an unpublished decision that a violation of the bar against removal of an action arising under a state's workers' compensation laws under § 1445(c) is a procedural, not a jurisdictional, defect and confirmed that "a party seeking to invoke § 1445(c) must object to removal within thirty days after the filing of a notice of removal." *Wiley v. United Parcel Serv., Inc.,* 11 Fed.Appx. 176, at *1 (4th Cir. April 27, 2001). Thus, in that case, the court held that the plaintiff had waived his right to object to the improper removal by failing to seek remand within the thirty days. *See id.*

 Here, Plaintiff did not file her motion to remand until thirty-nine days after Defendant removed the action to this Court. Even if this action arises under North Carolina's workers' compensation laws, as Plaintiff argues, she waived her right to object to removal by failing to seek remand within thirty days, and, therefore, her motion to remand is due to be denied.

### ORDER

For the foregoing reasons, **IT IS, THEREFORE, ORDERED** that Plaintiff's Motion to Remand is **DENIED**.